FREEMAN *v.* YOUNG *et al.*

1. There was no merit in the motion to dismiss the caveat on the ground that it appeared to be merely a caveat to proceedings to probate in common form, or a petition to require the propounder to probate in solemn form.

2. Considering the entire caveat together, it sufficiently sets forth the contentions of the caveators that the will offered for probate in solemn

form was executed at a time when the testator was lacking in testamentary capacity, when he was laboring under an insane delusion which injuriously affected the interests of the caveators, and when he was afflicted with a monomania which tended to divert the inheritance of the caveators from them; and that the will was executed under a mistake of fact as to the conduct of his children now objecting to the probate of the will. There was no error in overruling the demurrer to the caveat.

3. The stenographer's transcript of the testator's testimony given in a suit to which he was a party several years before this trial was admissible in evidence, if material and relevant.

(a) The objection on the ground that "the proper foundation had not been laid" was indefinite. The objecting party should have indicated what foundation, under the circumstances, should have been laid.

(b) Certain parts of the testimony were relevant and material; and the testimony contained in the record having been objected to in its entirety, its admission is not ground for the grant of a new trial, although certain parts of it were irrelevant.

4. The fact that "a certain typewritten document went to the jury-room with the evidence in the case," which was not a part of the evidence, will not require the grant of a new trial, where it was affirmatively shown by the affidavits of all the jurors that no portion of the document was examined or read by any member of the jury.

5. There was sufficient evidence to support the verdict.

No. 151. FEBRUARY 22, 1918.

Appeal. Before Judge Freeman. Troup superior court. December 29, 1916.

On August 22, 1914, J. Wid Freeman, through his attorneys, filed his petition to the court of ordinary of Troup county for probate in solemn form of the last will and testament of James G. Young, who had died on August 20, 1914. Citation was duly issued, and order for service granted. The heirs of the testator were his wife and eight children. The heirs were required, in the citation, to show cause, on the first Monday in November next after the filing of the petition, why the will should not be proved in solemn form and admitted to record. At the September term the children filed a caveat. This caveat had the following caption: "In Re: Petition of J. Wid Freeman for probate in common form of the will of James G. Young. Ordinary's Court, Troup Co., Sept. term, 1914."

Immediately after this caption the caveat continued: "And now come Frank Young and [the other children, naming them], children of James G. Young, and file this their caveat to the above-stated petition and to the paper offered by said J. Wid Freeman as the will of James G. Young, and object to the admission to rec-

ord of said will, and for cause of objection say:" And, after setting forth grounds of the caveat to the number of seven, the instrument concluded as follows: "Wherefore, these objectors, the children of the said James G. Young, pray that the said executor be required to offer said will for probate in solemn form, and that these their objections be filed, and that said instrument be declared not to be the will of their father, James G. Young." This was signed by the attorneys for caveators, and was filed on September 7, 1914. At the same term of the court of ordinary the propounder filed his demurrer to the caveat. The demurrer was general, and was based upon the grounds that that caveat did not set out any legal ground of objection to the probate of the will and was too vague and indefinite to put the propounder on notice of what he was called on to meet, and certain other general grounds. On November 2, 1914, the case was appealed, by the consent of all parties, to the superior court. At the February term, 1915, of the superior court the caveators by leave of the court filed two separate amendments to their caveat; and on February 4, 1915, the propounder filed another demurrer to the caveat; and the court struck certain grounds of the caveat. At the August term, 1916, of the superior court the propounder filed a motion to dismiss the caveat, referring to it as the "alleged caveat," on the ground that it is not a caveat but merely a petition to "require the propounder to offer the testator's will for probate in solemn form; . . that such a petition can not and should not be treated as a caveat to the will when offered for probate in solemn form," because it appears on its face that it was not filed in this case, but was filed to the proposed probate of the will in common form, and a caveat filed to a petition to probate a will in common form is not a caveat to a petition to probate a will in solemn form. It was further alleged, in this motion to dismiss, that "on the day said objections were filed the propounder applied to the court of ordinary for the probate of the will of James G. Young in common form." This motion to dismiss was overruled, and to this ruling the propounder excepted. On the trial of the case the jury returned a verdict finding that "the will offered for probate is not the true last will and testament of James G. Young," and judgment was rendered accordingly. The propounder made a motion for a new trial, which was overruled, and he excepted.

*W. C. Wright, A. H. Thompson, S. Holderness,* and *D. J. Gaffney,* for plaintiff. *F. M. Longley, Hatton Lovejoy, Jones & Meadors,* and *Mooty & Andrews,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. The court properly overruled the motion to dismiss the caveat to the petition for probate of the will. At the time this caveat was filed in the court of ordinary the petition for probate in solemn form was pending there. And while the caption of the caveat refers to proceedings to probate in common form and contains a prayer that the executor be required to offer the will for probate in solemn form, nevertheless in all other respects it is a caveat appropriate to proceedings to probate in solemn form; and in the caption to demurrers filed before the motion to dismiss was filed the propounder refers to the caveat as a caveat in proceedings to probate the will in solemn form.

2. The caveat raises the objection to the probate in solemn form of the paper offered as the last will and testament of James G. Young, that at the time of the execution of the instrument the testator was not of sound mind and disposing memory and did not have sufficient mental capacity to execute a will; that at the time of the execution of the instrument alleged to be his will James G. Young was "partially insane and not of sound mind as regarded the members of his family, which particular unsoundness of mind affected the making of the propounded will and caused the said testator, James G. Young, to disinherit the caveators, who were children of the said James G. Young. . . That the said James G. Young executed said instrument under the mistaken belief as to the conduct of the children, further, in that he mistakenly believed that his children had said that 'he was too old to live and should die and that he should not be buried in the cemetery lot with the remainder of his family, but that his body should be thrown out to the buzzards to rot.' . . Said instrument was executed by the father of these objectors because of and on account of the fraudulent representations of certain of the legatees named in said instrument, to wit, J. Wid Freeman, James Freeman, and Mrs. Joe Carter, who falsely represented to objectors' father that his children, the objectors herein, had declared that 'they did not care anything for their father and did not want anything that he had, and that he had lived long enough and ought

to die, and that he had no place in the family cemetery in La Grange, and that when he died he ought to be thrown out where the buzzards could pick his bones;' the aforesaid statements being made by the said legatees for the purpose of inducing objectors' father, the said James G. Young, to disinherit his children, the objectors herein, and to make a will in favor of the said legatees; and the aforesaid instrument was induced and caused by the fraudulent representations aforesaid, which were and are false." A further ground of caveat alleged that the will was unreasonable and unjust and in utter disregard of the natural ties between the father and the children, and of the faithful labor which was done by the wife and children in accumulating the property owned by the testator at his death. By amendment the caveators alleged, that the will was made under a mistake of fact, in that the testator executed the will because he believed that his children, the caveators, caused and induced their mother, the wife of the testator, to leave him and prevented a reconciliation between the husband and wife; that the testator was caused to execute the will by this belief, when as a matter of fact he was mistaken, and it was not true that the caveators had caused or induced their mother to leave testator or remain away from him. It was further alleged, that the testator, at the time of the execution of the will and up to the time of his death, was completely under the influence of an insane delusion in relation to his wife and children; "that he conceived the idea that there existed in his wife, and especially in his children, a hatred for him, that they were all against him; that this insane delusion had no foundation in fact, but he was wholly incapable of being reasoned out of that conception;" that under the influence of this insane delusion he was as a madman towards his wife and children; that he would beat both his wife and his children with large sticks, beating both his sons and his daughters without the slightest cause; that he chased his sons with a gun and tried to induce others to kill his son Charles; that the testator "further conceived the idea that there existed in caveators not only a hatred towards their father, and that they had persuaded his wife to leave him, but the further insane delusion that caveators did not want anything he had;" that these delusions were without the least foundation in fact; that he was seized with them and they sprang from the condition of his mind, and these delu-

sions were the inducing causes of caveators' exclusion from the benefits of the will.

While certain sentences and paragraphs of the lengthy caveat may not themselves make a complete statement of any fact constituting a valid ground of objection to the probate of the will, nevertheless, when those parts of the caveat which are open to this criticism are considered in connection with the other grounds of the caveat, it clearly appears that there was a caveat good as against the objections raised, setting forth in substance the contentions of the caveators, that the testator executed this will at a time when he was lacking in testamentary capacity, when he was suffering from a monamania, which tended to divert the inheritance from them; that he had an insane delusion which also injuriously affected the interests of the caveators, and that the will was procured by fraud practiced by the propounder and certain legatees; and also that the will was executed under a mistake of fact as to the conduct of the heirs at law, the caveators in the case. A reading of the entire caveat shows that the caveators sufficiently set forth these contentions; and the judgment overruling the demurrer to the caveat will not be reversed.

3, 4. Headnotes 3 and 4 require no elaboration.

5. While the testimony offered by the caveators was strongly combated and directly contradicted by the testimony of other witnesses, nevertheless it can not be said that the verdict in the case is without evidence to support it. We will not attempt to set forth this evidence in substance or in an abridged form; the record is voluminous; but after a careful consideration of it, we are of the opinion that the court would not be justified in holding that there was not sufficient evidence to warrant the jury in finding that the instrument propounded as such was not in fact the last will and testament of James G. Young.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*