### 40688. ALEXANDER v. ROZETTA et al.

BELL, Presiding Judge. This appeal involves a dispute as to the proper dispensation of funds received in a condemnation proceeding. The condemnor is not made a party. There has been no appeal from the assessors' award as provided in *Code* § 36-1110. The assessors' award therefore is the law of the case as constituting just and adequate compensation for all the property and interests taken. It follows that the assessors' award is payable to all parties to the action in proportion to the value of the interest in the condemned property held by each.

It is admitted by all adversary counsel that Alexander, at the

time of condemnation, was in possession of the property under a written lease which was invalid and unenforceable. Under these factual circumstances Alexander was a tenant at will by operation of law. *Hayes v. City of Atlanta,* 1 Ga. App. 25 (57 SE 1087); *Lynch v. Poole,* 138 Ga. 303 (75 SE 158); *Roberts v. Burnett,* 164 Ga. 64 (9) (137 SE 773).

" 'The estate of a tenant at will is a leasehold estate,' and an existing tenancy at will is for a definite term of at least sixty days, since the landlord could not terminate it within a less period of time. . . 'A leasehold interest in premises for a definite term is property within the meaning of that word as it is employed in paragraph 1, section 3, article 1 of the Constitution of this State, in which provision is made against the taking or damaging of private property for public purposes without just and adequate compensation being first paid.' " *Ammons v. Central of Ga. R. Co.,* 215 Ga. 758, 761 (113 SE2d 438).

Alexander, as the tenant at will of the property condemned, is entitled to receive from the gross amount of the assessors' award the actual value of the tenancy at will and no more.

The judgment of the trial court is reversed with directions to the trial court to mould the assessors' award to identify the value of Alexander's interest so as to do complete justice and avoid confusion of interests. See *Code* § 36-1111.

*Judgment reversed with directions. Jordan and Eberhardt, JJ., concur.*

DECIDED NOVEMBER 19, 1964.

*E. E. Moore, Jr., J. C. Daugherty,* for plaintiff in error.
*A. A. Baumstark, Stephens Mitchell,* contra.