## 51572. BOSS & BOWEN, INC. v. HEAD REALTY COMPANY.

PANNELL, Presiding Judge.

Head Realty Company brought an action against Boss & Bowen, Inc., seeking recovery of commissions for the sale of two houses in a subdivision of the defendant. The contract was dated August 26, 1974, and contained the following provisions:

"In consideration of your acceptance of the terms of this agreement and of your promise to list, to offer for sale and to endeavor to sell my property hereinafter described, to advertise the same in such manner as you may deem advisable and further to enlist in this behalf the best efforts of your organization in its ordinary course of business, I hereby give and grant you for a period of *90* days from the date of this instrument, the exclusive right and authority to sell the property hereinafter described, for the price and upon the terms hereinafter set forth.

"I hereby further agree upon the considerations herein above mentioned, to pay you a *5%* commission, whether such sale be made by you or me, or by any other person acting for me or in my behalf, upon the terms hereinafter mentioned, or upon any other terms acceptable to me; or if the property is afterwards sold within three (3) months from the termination of this agency, to a purchaser to whom it was submitted by you during the continuance of said agency, and whose name or names have been disclosed to me in writing during said agency.

"Said property is described as Lots 6, 7, 8, and 9, Block A, and Lots 6, and 7, Block B Colonial South Drive, Colonial South Subdivision, Rockdale County, Georgia.

Lot 6, Blk "A" — $52,900
Lot 7, Blk "A" — $63,900
Lot 8, Blk "A" — $48,900 (Pascal)
Lot 9, Blk "A" — $48,900

Lot 6, Blk "B" — $57,500 (Hart)
Lot 7, Blk "B" — $52,900
Lots 8, Block "A", and 6, Block "B" were sold by the

owner, defendant, during the 90-day period referred to in the contract, but at less than the price provided for in the contract. The defendant answered and asserted a breach of contract by complainant in not having a salesman on the premises at times agreed upon orally prior to execution of the contract; that complainant was not instrumental in securing or producing the buyers; that complainant did not exercise care in endeavoring to sell the property; that under the contract, defendant had a right to sell without paying commissions. He also counterclaimed for $10,000 damages for loss of sale of one of his houses; which he alleged was occasioned by negligence of the plaintiff.

The jury found for the complainant the amount of his commissions. The defendant appealed. *Held:*

1. The evidence was sufficient to authorize the verdict and there was no error in refusing to direct the verdict in favor of the defendant as to the commissions. It is apparent from the reading of the contract that the complainant was entitled to commissions, even on sales by the owner, during the 90-day period. The decisions of this court and the Supreme Court relied upon by the owner are not applicable because of the specific language of the contract in the present case.

2. The evidence was in conflict as to the prior parol agreement relating to what services in connection with the sales the complainant was to perform even should we assume there was no merger into the written contract. The jury resolved these conflicts and found by its verdict for the plaintiff that there was no breach of contract by it either as to prior agreements or as to the services performed as provided in the contract itself, as well as no negligence of the complainant as to the counterclaim.

3. An objection to the admission of documents on the ground "no foundation has been laid" is not a proper objection (*Freeman v. Young,* 147 Ga. 699, 700 (3a) (95 SE 236)), and there was no error in admitting plaintiff's Exhibits 9 to 18 over said objection.

4. Enumerations of error on the charge of the court are without merit.

5. No cause for reversal being shown, the judgment is affirmed.

*Judgment affirmed. Marshall, J., concurs. Evans, J., concurs in the judgment only.*

ARGUED JANUARY 5, 1976 — DECIDED JANUARY 23, 1976 — REHEARING DENIED FEBRUARY 11, 1976 —

*Guy J. Notte,* for appellant.

*Vaughn, Barksdale & Nation, Sidney L. Nation,* for appellee.