## 56515. DEPARTMENT OF TRANSPORTATION v. GORDON et al.

SHULMAN, Judge.

We granted appellant's application for interlocutory review to determine whether the superior court had authority in this condemnation proceeding to order separate trials with respect to the interests of each condemnee, to wit, the fee simple owner and two lessees.

This case is controlled adversely to appellees by *D. O. T. v. Olshan,* 237 Ga. 213 (227 SE2d 349). The court was without authority to order separate trials and, accordingly, the order must be reversed.

*Judgment reversed. Bell, C. J., concurs. Birdsong, J., concurs specially.*

ARGUED SEPTEMBER 19, 1978 — DECIDED JANUARY 18, 1979.

*Arthur K. Bolton, Attorney General, McCurdy & Candler, George H. Carley,* for appellant.
*James C. Howard, Jr., M. Hardeman Blackshear,* for appellees.

BIRDSONG, Judge, concurring specially.

I agree that this court is bound by the decision of *D. O. T. v. Olshan,* 237 Ga. 213 (227 SE2d 349).

In my opinion, in order for all claimants to be awarded just and adequate compensation without having the parties either agree to the division of the money awarded, or by the trial judge at a proper hearing, or by a trial jury in the second trial, as was stated in *Olshan,* it would be preferable to allow each party to present evidence (including expert) as to the value of his, her or its tract in one trial and allow the jury to award separate verdicts. This procedure would reduce litigation and would in fact assure each and every party justice without the necessity of further expensive litigation.