61200. DEPARTMENT OF TRANSPORTATION v. BIRD et al.

BIRDSONG, Judge.
Condemnation. The Department of Transportation ("DOT"), as condemnor, condemned .025 of an acre of land owned by Mr. and Mrs. Bird, condemnees, during the construction of I-16 running east from Macon to Savannah. The land lies in a rural setting near Metter. DOT valued the 1/40th of an acre at $140, and paid that amount into the court. The Birds were dissatisfied with that valuation and demanded a jury trial on the issue of valuation. The jury returned a

verdict of $3,600 in favor of the Birds which was made the judgment of the court. DOT appeals contending that there is no credible evidence to support such an amount. *Held:*

DOT called two land appraisers who testified that the fair market value in the area under consideration was approximately $500 per acre. One appraiser testified that in his opinion the reasonable value of the .025 acre was $165 and that there were no consequential damages to the remainder of the 22 acres owned by the Birds or to their residence, either because of water, noise, or air pollution. The other appraiser testified that in his opinion the value of the land taken was $175 but with no consequential damages.

In opposition, witnesses on behalf of the Birds testified as to the value of the home, the valuation of land, certain noise and air pollution, a drainage problem and that overall, the land in the vicinity of I-16, and the Bird's land in particular, had suffered an unquantified loss in market value. The witnesses for the Birds did not establish valuation by comparable sales but by construction costs. We are unable to find however anywhere in this transcript any overall dollar valuation placed upon the actual value of the Birds' land and home or any specific dollar value as to the diminished value of that estate caused by the water flow problem or the noise and air pollution. There was some evidence separately as to the value of the land but we are not informed as to the actual size of the acreage. Likewise we are given no accurate assessment of the value of the home. Lastly, there is no composite evidence of the market value of the property remaining before the construction and after so that a fair and reasonable determination of consequential damages could be computed by the jury and supported by the evidence. There was evidence that the water flow problem probably could be cured by applying approximately a $1,500 investment. But even accepting the highest estimate of the value of the land taken ($175) and the cost of repairs ($1,500), we are completely at a loss to determine how the jury arrived at its obviously included award of consequential damages. We cannot speculate whether the award was overly generous or stringently miserly for neither the jury nor this court are presented with any guidelines as to value.

Under these circumstances, we are bound by the rule that the question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt,* 131 Ga. App. 277, 278 (205 SE2d 868). Where a party seeks additional damages he has the burden of proof of showing the amount of loss in a manner from which the jury or the trial judge in a non-jury case can calculate the amount of the loss with a reasonable degree of certainty. *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512); *Taylor v. Roberson,* 127 Ga.

App. 24 (192 SE2d 384); *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198). DOT met its burden. Having shown a prima facie case, the burden then fell upon the Birds to show that the department's proof of value was inadequate. This the Birds failed to do. We find as a matter of law that there is insufficient evidence in this transcript to support the award of $3,600 by the jury and the judgment entered thereon. *Ga. Power Co. v. Sinclair,* 122 Ga. App. 305 (176 SE2d 639); *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98, 99 (1) (129 SE2d 396). See *DOT v. Kirk,* 138 Ga. App. 180, 181 (3) (225 SE2d 781).

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 24, 1981.

*Robert S. Reeves, Milton A. Carlton,* for appellant.
*Ogden Doremus,* for appellees.