## 65698. GLOVER et al. v. DEPARTMENT OF TRANSPORTATION.

CARLEY, Judge.

Appellants appeal from the denial of their motion for new trial after entry of judgment on a verdict in a condemnation proceeding. During the trial, appellee-condemnor introduced testimony that the value of the property was $6,600. The appellants then produced three witnesses whose testimony placed the value of the property at $22,650, $30,000 and $34,000 respectively. The verdict returned by the jury was in the amount of $13,500.

The sole issue presented for resolution is the legal soundness of the following jury instruction: "The burden of proof in this case is upon the condemnor, that is, the Department of Transportation, to establish by a preponderance of the evidence what amount of money will constitute just and adequate compensation for the property taken from condemnees. Of course, the condemnees have their right under the law to set forth their contentions as to what amount of money will constitute just and adequate compensation for the property taken. *I charge you that the plaintiff, the Department of Transportation, has the burden of proving the value of the land actually taken. However, the Department of Transportation meets this burden of proof as soon as the evidence of value is introduced."* (Emphasis supplied.) Appellants objected to the above-emphasized portion of the charge on the ground that it was "misleading and burden shifting." The trial court, however, took no ameliorative action with regard to the contested charge. On appeal, appellants assert that the instruction was erroneous for the reasons unsuccessfully advanced in the trial court.

"[T]he basic and controlling requirement is the constitutional command that, before such taking of private property for public use, the taker must first pay therefor, and this burdens the taker to prove the value thereof. To obtain a verdict fixing that value, the taker must introduce evidence showing value . . . That ruling is consistent with the ruling placing the burden of proving the value upon the condemnor." *Ga. Power Co. v. Brooks,* 207 Ga. 406, 411 (62 SE2d 183) (1950). "The condemnor meets this burden as soon as it introduces evidence of value. [Cit.]" *Bowers v. Fulton County,* 122 Ga. App. 45, 48 (176 SE2d 219) (1970). However, "[i]n all cases the parties are privileged to produce evidence that is beneficial to themselves, irrespective of the evidence of the other party." *Ga. Power Co. v. Brooks,* supra at 411. Thus, "[i]f the condemnee contends that the value or the amount of the damage is greater than is shown by the condemnor's proof and seeks a verdict for some greater amount he

must introduce evidence that will itself or together with other evidence in the case support the verdict, else if a verdict is returned for an amount greater than is authorized under the condemnor's evidence it will fall because unsupported." *Lewis v. State Hwy. Dept.,* 110 Ga. App. 845 (1a) (140 SE2d 109) (1964). See also *Dept. of Transportation v. Bird,* 158 Ga. App. 369 (280 SE2d 394) (1981). Accordingly, "[a] charge that where the condemnee asserts that he is entitled to compensation greater than that shown by the condemnor's evidence the burden of proof rests upon him to prove by a preponderance of the evidence that his assertion is true, is error. *The burden of proving value and damages never shifts from the condemnor, though a burden of producing evidence may arise on the part of the condemnee when he asserts the greater value or damage."* (Emphasis supplied.) *Lewis v. State Hwy. Dept.,* supra at 845 (1b).

When considered in light of the above-stated legal principles, it is clear that the instruction in the instant case did not impermissibly "shift the burden" of proof regarding the value of the property to appellant-condemnees. Unlike the charge in *Lewis,* supra, the instruction in the instant case placed no burden of proof whatsoever on appellants. The instruction, in essence, merely stated that appellee-condemnor had met *its* burden of proof when its evidence of value was introduced. As noted above, this was not an erroneous statement of the law. *Bowers v. Fulton County,* supra. Once a prima facie case was established by the introduction of appellee's evidence of value the burden of producing evidence in that regard did shift to appellants. *Lewis v. State Hwy. Dept.,* supra at 845 (1b); *Dept. of Transportation v. Bird,* supra at 371. The jury in the instant case was accordingly instructed that appellants had the right to introduce evidence concerning the value of the property. Appellants, in fact, availed themselves of that right, accepted the shift in the burden of going forward with the evidence, and introduced the testimony of three witnesses on that issue. Contrary to appellants' assertions, it is clear that the jury did not consider the charge as "almost tantamount to directing a verdict in favor of the condemnor for the amount of their appraisal." (Appellants' brief p. 6.) The jury obviously considered appellants' evidence of the higher value of the property by returning a verdict over twice the amount testified to by appellee's witness.

Viewing the contested instructions in the context of the charge in its entirety, "[i]t is clear that the trial judge . . . was merely stating that [appellee's evidence] was a prima facie showing [of the value of the property] . . . and that appellant[s] must assume the burden of going forward with evidence in rebuttal of this prima facie showing. The trial court did not 'shift' to appellant[s] the ultimate burden of

proof. [Cit.] With regard to the distinction between the burden of producing evidence and the burden of persuasion, see Green, Ga. Law of Evidence 54, § 17, and Agnor's Ga. Evidence 339, § 17-1. Appellant[s] accepted this shift of the burden of going forward with evidence without objection and presented [their] case. The transcript demonstrates that appellant[s] [were] afforded a full hearing on the question of [the value of their property.] [Cit.] There was no error." *Findley v. Sanders,* 153 Ga. App. 146, 148-149 (264 SE2d 659) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 4, 1983.

*Scott Walters, Jr., Carl H. Hodges,* for appellants.
*G. Robert Oliver,* for appellee.