71210. WEST v. DEPARTMENT OF TRANSPORTATION.
(338 SE2d 45)

BIRDSONG, Presiding Judge.

The jury in this condemnation case returned a verdict for $20,000, as just and adequate compensation for the property taken. The condemnee on appeal contends the trial court should have dismissed or annulled the Department of Transportation's ("DOT") declaration of taking because the property was not needed for public purposes and DOT did not produce any orders or documents justifying the condemnation; and further that the trial court erred in placing the burden of proof upon the condemnee in its charge. *Held*:

1. OCGA § 32-3-5 (a) (1) requires the condemnor in its condemnation to set forth "(1) [t]he facts showing the right to condemn." Nowhere is it stated or provided that a condemnor must set forth the *necessity* of its condemnation of a certain property. In *Savannah, Fla. &c. R. Co. v. Postal Telegraph-Cable Co.*, 112 Ga. 941 (2), 945 (38 SE 353), concerning condemnation by a telegraph company pursuant to statutory authority, the Supreme Court held: "When the right to condemn the right of way of the railway company was conferred upon the telegraph company, the power to select such portion and so much of the right of way as might be necessary for erecting, maintaining, and operating its telegraph lines was conferred upon it. . . . It was not obliged to show there was an absolute necessity for it to take the particular strip of land described in its notice. In the very nature of things it would be impossible to show this, for . . . certainly numerous other locations for such a strip could be found upon the right of way. . . . In general, if there appears to be no bad faith on the part of the [condemnor] in the matter of location, his discretion will not be interfered with. . . ." See, further, *Western &c. R. Co. v. Western Union Telegraph Co.*, 138 Ga. 420, 427 (75 SE 471); *Savannah, Fla. &c. R. Co. v. Postal Telegraph-Cable Co.*, 115 Ga. 554, 560 (42 SE 1).

The burden of proving bad faith of the condemnor of necessity must be on the one who claims it, considering the authority given by the legislature to DOT to take by eminent domain (see OCGA § 32-3-4 et seq.), and the discretion vested in the condemning authority to determine its needs. *Savannah R. Co. v. Postal Tel. Co.*, 112 Ga. 941,

945, supra.

In *City of Atlanta v. First Nat. Bank*, 246 Ga. 424, 425 (271 SE2d 821), the Supreme Court held, as to a claim that the condemnor had taken more land than was necessary and that the condemnation was arbitrary, capricious, and indicative of bad faith, that "no court in these circumstances should have interfered with the decision of the condemning authority," particularly under the statute then existing. Citing authority, the Supreme Court (at p. 424, fn. 2) said: "In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken. [Cits.] *City of Atlanta v. Heirs of Champion*, 244 Ga. 620, 621 (261 SE2d 343)." In requiring proof of *fraud* or *bad faith*, or that the authority has acted beyond the power conferred upon it by law, the Supreme Court (at p. 425, fn. 3) said: "Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of . . . ill will. . . . [I]t contemplates a state of mind affirmatively operating with a furtive design or some motive of interest or ill will. *Vickers v. Motte*, 109 Ga. App. 615, 619-20 (137 SE2d 77)." (See also *State Hwy. Dept. v. Respess*, 111 Ga. App. 787, 789, 791 (143 SE2d 434), where this court said, upon a claim that the condemnor in bad faith deposited less than just and adequate value of the property, that "[i]n absence of *conclusive proof* to the contrary, the presumption is that the public officials charged with the duty of estimating compensation under the statute performed the duty fairly" (emphasis supplied); the Supreme Court in the later case of *City of Atlanta v. First Nat. Bank*, supra, did not go so far as to require "conclusive proof to the contrary.")

The allegation of bad faith and fraud was made by the condemnee in this case. A hearing was held. The trial court found the condemnee had not shown bad faith or fraud by the condemnor so as to disturb its discretion in exercising its power of eminent domain.

As for a necessity that DOT produce or file an "overall order" expressing and justifying its need for the condemned land, no such requirement exists. DOT filed its declaration of taking for public purposes, brought under the authority of OCGA §§ 32-3-4 through 32-3-19. The necessity of taking the property is, as indicated in *City of Atlanta v. First Nat. Bank* and *Savannah R. Co.*, supra, presumed and is, barring proof of bad faith or fraud, within the discretion of the condemning body. The requirement of OCGA § 32-3-5 (a) (1) that the condemnor in its taking set forth "the facts showing the *right* to condemn," (emphasis supplied) refers therefore to the authority under which the condemnor takes.

2. Appellant contends the trial court erred in placing the burden

of proving inadequate compensation upon the condemnee, by instructing the jury that "[i]n exercising the power of eminent domain . . . [DOT] is duty bound to initially estimate just and adequate compensation fairly and according to constitutional standards. . . . In the absence of conclusive proof to the contrary, it is presumed that [DOT] estimated just and adequate compensation fairly and according to constitutional standards."

"The general rule in condemnation cases is that the burden of proof is on the condemnor to establish what amount of money constitutes just compensation. The theory of this rule is the condemnor is in the nature of a plaintiff who is seeking relief and who must prove his case, and that the burden is on him to prove either that the property will not be damaged, or that if it will be, the amount that will be necessary to compensate the owner. . . . The burden of proof is on the condemnor not only to prove the value of the property taken but also to prove the amount of consequential damage to the part not taken." 10 EGL, § 110, and cases cited. (The burden of proof is on the condemnee to prove his right to additional damages. *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1 (292 SE2d 435); *Stansell &c. Bros. v. City of McDonough*, 50 Ga. App. 234 (177 SE 749)).

Recently, Georgia courts have reiterated that the condemnor has the burden to prove just and adequate compensation in condemnation cases. *White v. Ga. Power Co.*, 237 Ga. 341 (227 SE2d 385), appeal after remand, 247 Ga. 256 (274 SE2d 565); *Justice v. Ga. Power Co.*, 164 Ga. App. 599 (298 SE2d 579). This burden never shifts from the condemnor, although once the condemnor has met its burden of proof by establishing a prima facie case, the condemnee must go forward to produce overcoming evidence when he asserts greater value or damage. Id.; *Ga. Power Co. v. Slappey*, 121 Ga. App. 534 (174 SE2d 361); *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845 (140 SE2d 109).

In *Glover v. Dept. of Transp.*, 166 Ga. App. 512 (304 SE2d 567), we held that the charge did not impermissibly shift the burden of proof to the condemnee, where it instructed, "the condemnees have their right under the law to set forth their contentions as to what . . . will constitute just and adequate compensation. . . . I charge you that the plaintiff, [DOT], has the burden of proving the value of the land actually taken. However, [DOT] meets this burden of proof as soon as the evidence of value is introduced." (Emphasis deleted.) This charge was correct because if the condemnee wants to prove his compensation is more than that set by DOT, he has the right to and *must* produce evidence to prove it. "Once a prima facie case was established by the introduction of [DOT's] evidence of value the burden of producing evidence in that regard did shift to [the condemnee]." Id. p. 513. This "burden of producing evidence" to support condemnee's

claim for greater compensation, is not a shift in the burden of proof but is only a burden of *going forward with the evidence* after the condemnor has proved its prima facie case. Id.

The statement in *Dept. of Transp. v. Bird*, 158 Ga. App. 369, 371 (280 SE2d 394), that DOT having shown a prima facie case, "the burden then fell upon the Birds to show that the department's proof of value was inadequate," must be taken to mean under the facts of that case that the condemnees had the burden of *producing evidence* to support their claim of value. *Glover*, supra; *Lewis v. State Hwy. Dept.*, supra.

We find no authority for the charge in this case that "[i]n the absence of conclusive proof to the contrary [DOT estimated just and adequate compensation] fairly and according to constitutional standards." This language apparently was taken from a case (see Division 1 of this opinion) which used it in connection with the presumption that by the declaration of taking the condemnor has appropriately exercised its discretion and thereby shown the necessity and justification to condemn the property. *State Hwy. Dept. v. Respess*, supra. As we stated in Division 1 of this opinion, the condemnee does have the burden of proving that there was fraud, bad faith, or intentional misuse of the power to condemn. The charge here was, however, not given in connection with the condemnee's claim that DOT wrongly exercised its power of eminent domain; that issue had already been decided by the court as a court of equity. The charge was given as a general principle in connection with the assessment of just and adequate compensation. The trial court charged elsewhere in its instructions that the plaintiff DOT has the burden of proof by a preponderance of evidence as to what constitutes just and adequate compensation; but its erroneous charge that "in the absence of conclusive proof to the contrary, it is presumed that [DOT] estimated just and adequate compensation fairly and according to constitutional standards," left the whole charge hopelessly in conflict. It unquestionably shifted the burden to the condemnee not only to prove the contrary of DOT's assessment of just and adequate compensation, but to prove it *conclusively*. The charge was fully objected to and was not corrected.

DOT contends the charge in any case was harmless because the condemnee presented no competent evidence of the value of the property at the time of taking, and furthermore, because the jury awarded him more than DOT's assessment of $17,208. On this point, DOT is correct. The only evidence offered by the condemnee as to value was that one owner paid $6,000 for his one-third share of the property when he bought it in 1981 and in his opinion the whole property was worth more than that ($18,000) at the time of condemnation in 1983. He also testified when asked for the value in March 1983, the date of

condemnation, that the property "is probably worth between four and five dollars a square foot *right now* [December, 1984]" (emphasis supplied). The condemnee therefore did not go forward with the evidence to prove a higher value at the time of acquisition after DOT proved its prima facie case (*Glover v. DOT*, supra). The condemnee on appeal has not pointed out to us any competent evidence that DOT had not given just and adequate compensation. Despite this lack of evidence, the jury awarded more than DOT's assessment. The jury charge that DOT's assessment is presumed correct unless the condemnee conclusively proves otherwise, therefore, obviously did not harm the condemnee as a matter of fact.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 12, 1985.

*Durwood T. Pye*, for appellant.
*Charles C. Pritchard*, for appellee.