## 72719. MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA
### v. ANGLIN et al.
#### (349 SE2d 546)

POPE, Judge.

Appellant Municipal Electric Authority of Georgia brought this condemnation action against appellee Anglin seeking to condemn a right-of-way easement through appellee's property to construct, operate and maintain electric transmission and distribution lines. From a special master's award of $2,050 as actual market value of the property sought to be condemned, with no consequential damages, appellee filed a timely demand for trial by jury. The jury returned a verdict of $3,000 actual damages and $6,000 consequential damages for a total verdict of $9,000. Appellant brings this appeal following the denial of its motion for new trial and challenges the sufficiency of the evidence to support the verdict and judgment. In particular, appellant contends that the verdict and judgment "are not within the range of evidence and are disparate so as to reflect gross mistake or undue bias." *Held*:

"Where the power of eminent domain is exercised for the purpose of acquiring an easement over land for public-utility lines, the measure of damages is the value of the land or interest therein appropriated, plus the consequential damages to the remainder of the tract, to be ascertained by establishing the difference in value of such remainder immediately before and immediately after the taking." *Ga. Power Co. v. Pittman*, 92 Ga. App. 673 (1) (89 SE2d 577) (1955). The record discloses that appellant set forth a prima facie case that the value of the property taken for the easement was $2,050 and that there was no consequential damage to the remainder. Thus, in order to prove a greater value or damage, appellee was required to produce evidence showing same. *Ga. Power Co. v. Slappey*, 121 Ga. App. 534 (1) (174 SE2d 361) (1970). Appellee relies upon the following evidence as supporting the $9,000 verdict and judgment in this case: (a) a description of the subject property and the particular project by a transportation engineer employed by appellant; (b) photographs and a plat of the property; (c) a recitation and analysis of the comparable properties utilized by appellant's expert witness in arriving at his opinion of the value of the subject property; and (d) appellee's own testimony that his remaining property was, in fact, worth less after the taking than prior to the taking. The record discloses that appellee himself had no opinion as to a dollar amount for the value of the easement taken or for the amount of consequential damage to the remainder. Rather, he testified, "That's for the jury to decide. . . ."

The record discloses no evidence of the value of the subject property beyond that given by appellant's expert witness, viz., $2,050. Nevertheless, in support of his position regarding the sufficiency of

the evidence, appellee relies on the following language from *Dept. of Transp. v. Delta Machine Prods. Co.*, 157 Ga. App. 423 (5) (278 SE2d 73) (1981): "Market value is a matter of opinion, and may be established by direct as well as circumstantial evidence. It is peculiarly a matter for the jury, and the jury is not absolutely bound even by uncontradicted testimony of experts, but may consider the nature of the property involved, together with any other fact or circumstance properly within the knowledge of the jury which tends to establish the value of the property, and may arrive at a different figure than that of the experts, higher or lower, where the verdict reached is not so disparate as to justify an inference of gross mistake or undue bias." Id. at 428. However, at issue in the *Delta Machine Prods.* case was a jury verdict a few hundred dollars above the highest market value assigned to the condemned property by one of the expert witnesses. In the case at bar, we are dealing with a verdict nearly $7,000 more than the only opinion given as to value. Under these circumstances, we find the holding in *Postal Telegraph-Cable Co. v. Peyton*, 124 Ga. 746 (52 SE 803) (1906), to be dispositive of the issue in this case: "A jury can not be left to roam without any evidence in the ascertainment and assessment of damages. The damages which the law allows to be assessed in favor of a landowner whose property has been taken or damaged under the right of eminent domain are purely compensatory. The land actually appropriated by the [electric] company amounted to only a fraction of an acre; and while it appeared that the construction and maintenance of the [power] line would cause consequential damages to the [appellee], no proof was offered from which any fair and reasonable estimate of the amount of damages thereby sustained could be made. The jury should have been supplied with the data necessary in arriving at such an estimate. [Cit.] In the absence of this essential proof, a verdict many times in excess of the highest proved value of the land actually taken must necessarily be deemed excessive." Id. at 748. Accord *Dept. of Transp. v. Bird*, 158 Ga. App. 369 (280 SE2d 394) (1981). See generally *Dept. of Transp. v. Driggers*, 150 Ga. App. 270 (257 SE2d 294) (1979).

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 20, 1986.

*Walter M. Britt*, for appellant.
*H. Patterson Garner*, for appellees.