A89A2132. FONG v. DEPARTMENT OF TRANSPORTATION.
(391 SE2d 704)

BEASLEY, Judge.

Fong appeals from a judgment entered on a jury verdict which awarded him $5,885.31 for the taking of his leasehold interest in certain property condemned by the Department of Transportation.

1. Fong asserts error in the failure to grant the motion to sever the trial. The motion, although it mentioned Fong, was filed on behalf of Clark Brothers Construction Company, the landowner. Fong has no basis to assign error on the ruling denying the motion. Besides, the failure to sever the trial was not error. *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1, 3 (1) (292 SE2d 435) (1982); *Dept. of Transp. v. Olshan*, 237 Ga. 213, 216 (227 SE2d 349) (1976).

2. The second enumeration of error complains of the failure to give certain requests to charge dealing with damages to the business resulting from the condemnation. The charges treated total loss of business, relocation or inability to relocate and uniqueness. The evidence did not show that there was no other suitable location for relocation or even that any effort to relocate was made by Fong.

The trial court's charge, while not as extensive as the requests, instructed fully and fairly on business loss insofar as it was raised and

covered substantially the same ground as those portions of the requests which were adjusted to the evidence. It was not error to refuse to give the charges in the language requested. *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 18 (3) (195 SE2d 417) (1973); *Dept. of Transp. v. Delta Machine &c. Co.*, 157 Ga. App. 423, 426 (3) (278 SE2d 73) (1981).

3. Fong's son testified that restaurant equipment was purchased in 1984, 1985, 1986, and 1987 for a total of $49,000 and sold in June 1987, eleven months after the date of DOT's acquisition, for $4,500. The trial judge granted the condemnor's motion to strike the testimony because sale price was not probative of the value of the personal property. DOT points out that, in addition, this evidence did not show value at the time of condemnation.

The evidence was properly stricken. *Dept. of Transp. v. Fitzpatrick*, 184 Ga. App. 249, 250 (3) (361 SE2d 241) (1987). See *MARTA v. Dendy*, 250 Ga. 538, 541-543 (299 SE2d 876) (1983).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1990.

*Harrison & Harrison, G. Hughel Harrison*, for appellant.
*Cheeley & Chandler, Joseph E. Cheeley, Jr., Richard B. Chandler, Jr., Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General*, for appellee.