A91A0617. STEIN ENTERPRISES et al. v. CHATHAM COUNTY.
(408 SE2d 173)

COOPER, Judge.

Appellant, Sommers Company, appeals the denial of its motion for new trial in a condemnation action in which the jury awarded the condemnees, appellant as lessee and Stein Enterprises as owner, $30,350 for the partial taking of a convenience store and gasoline station.

1. Appellant first claims that the trial court erred in allowing appellee's counsel on cross-examination to ask appellant's chief operating officer whether it was true that the officer founded a group of businesses that earned $85,000,000 in annual revenues. Appellant contends that this statement was so prejudicial that the trial court was obligated, even without objection by appellant, to have given curative instructions. We disagree. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the party might have had. (Cit.)" (Punctuation omitted.) *Georgia Power Co. v. Ga. Public Svc. Comm.*, 196 Ga. App. 572 (2) (396 SE2d 562) (1990). See also *Wright v. Wright*, 222 Ga. 777 (4) (152 SE2d 363) (1966). Inasmuch as appellant failed to make a timely objection to the question or request curative instructions, this enumeration of error is without merit.

2. Appellant in its second enumeration of error argues that the trial court erred in failing to excuse for cause a juror who stated that he had formerly worked with one of the real estate appraisers testifying on behalf of appellee and that he and appellee's witness presently owned some property jointly. During voir dire, the prospective juror first stated that he did not know if he could be "totally independent." The trial court then questioned the juror as to his ability to set aside his association and make a decision based on the evidence heard in the courtroom without being affected by his knowledge and business association with appellee's witness. The juror responded that based upon his appraisal experience, he could probably be fairly analytical about it. The trial judge decided not to excuse the juror because the juror had indicated that he could be objective based upon his experience as an appraiser. "The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. [Cit.]" *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 633 (1) (b) (224 SE2d 739) (1976). Inasmuch as the juror indicated that he could be fairly analytical about the evidence, we find no manifest abuse of discretion in this instance. See *Decubas v. Norfolk Southern Corp.*, 197 Ga. App. 768 (399 SE2d 512) (1990).

3. In its third enumeration of error, appellant contends that the trial court erred in sustaining the objection of appellee's attorney that appellant's attorney was leading its witness on direct examination when questioning him as to the uniqueness of the location of the condemned property. "The trial court is permitted to exercise its discretion in granting the right to the party calling the witness to ask leading questions, and reversible error occurs only if that discretion has been abused to the extent that the appealing party has been prejudiced and injured. [Cits.]" *Blue Cross of Ga./Columbus v.*

*Whatley*, 180 Ga. App. 93 (7) (348 SE2d 459) (1986). Our review of the record indicates that the trial court did not abuse its discretion as appellant's attorney did, in fact, ask its own witness a leading question. Moreover, after the objection was sustained and appellant's attorney rephrased his question, the witness was able to testify in great detail as to his opinion about the uniqueness of the location of the property. Accordingly, this enumeration of error is without merit.

4. In its fourth enumeration of error, appellant argues that the trial court improperly charged the jury that in determining the measure of damages the actual value of a loss in a condemnation proceeding is ordinarily the same thing as market value. Appellant claims that because the evidence adduced at trial showed the unique nature of the site, its profitability, and the projected business loss to be suffered as a result of the condemnation, the correct measure of damages should have been the business losses which result in a decrease in the value of the business. However, appellee also presented evidence at trial that appellant would suffer no business loss as a result of the partial taking. " ' "Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." (Cit.)' " *Kelley v. Foster*, 192 Ga. App. 95 (3) (383 SE2d 646) (1989). Hence, this enumeration of error is without merit.

5. In enumerations five and six, appellant argues that the trial court erred in failing to give two jury charges on the valuation of unique property in condemnation proceedings. Inasmuch as the trial court's charges adequately covered substantially the same ground as those requested by appellant, it was not error for the trial court to refuse to charge the jury in the specific language requested by appellant. *Fong v. Department of Transp.*, 194 Ga. App. 702 (2) (391 SE2d 704) (1990). Therefore, appellant's enumerations of error are without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 9, 1991.

*Clark & Clark, Fred S. Clark,* for appellants.
*Emily E. Garrard, Edward T. Brennan,* for appellee.