A91A0239. McDANIEL et al. v. DEPARTMENT OF TRANSPORTATION.
(409 SE2d 552)

SOGNIER, Chief Judge.

The Department of Transportation condemned property on three parcels of land in Appling County when widening U. S. Route No. 1 and deposited $7,350 with the court as its estimate of just and adequate compensation for the property. Two of the parcels were owned in fee simple by Fannie Mae McDaniel and Earl D. McDaniel. Orien White owned a life estate in the third parcel in which Fannie Mae McDaniel owned the remainder interest. The condemnees appeal from the jury verdict awarding them $9,270 as just and adequate compensation for the property.

1. The DOT's expert witness, T. H. Weatherly, testified on direct examination that his opinion of the value of the property being taken included no amounts for consequential damages because of his determination that there was no reduction in the value of the remaining properties. On cross-examination, appellants' counsel asked Weatherly, "[n]ow since the condemnation have you checked to see whether [condemnee Fannie M.] McDaniel's apartments [in a building on one of the parcels] have been rented in the last year and a half?" Although Weatherly had been asked and had answered a similar question regarding a rental house on another parcel involved in the condemnation, the DOT objected to the above question on the basis that it improperly addressed matters subsequent to the date of the taking. Although appellants' counsel informed the court that the purpose of the question was to explore the matters the DOT's expert witness had considered in arriving at his opinion, the trial court sustained the DOT's objection. Appellants argue that ruling was error because it impermissibly infringed upon their right under OCGA § 24-9-64 to cross-examine thoroughly the DOT's expert witness regarding his testimony on the lack of consequential damages.

We agree with appellants that the trial court erroneously excluded Weatherly's response. "While it is not necessary that an expert witness state the facts upon which he bases his opinion, [cit.], it is error to refuse to permit him to do so for the purpose of showing the basis of the opinion. [Cits.] It matters not whether the facts are sought from the witness while on direct or on cross examination. These may or may not be admissible as direct proof of value, depending upon their nature, but they are generally admissible for showing the basis of the expert's opinion as to value and for enabling the jury to evaluate its weight." *State Hwy. Dept. v. Howard*, 119 Ga. App. 298, 303 (6) (167 SE2d 177) (1969). "[A] jury is entitled to know all of the facts upon which the witness' opinion rests and the facts may be brought out on cross-examination. [Cit.; *Howard*, supra.]" *Eason v. State*, 260 Ga. 445, 446 (396 SE2d 492) (1990).

Although the DOT argues that evidence of lost rentals on the remaining property after the date of taking is irrelevant (but see *Continental Corp. v. Dept. of Transp.*, 185 Ga. App. 792, 794 (1) (366 SE2d 160) (1988), rental value or diminished rental value can be considered insofar as it helps to establish the fair market value of the remaining property), the issue is not whether appellants sustained lost or diminished rents as a result of the condemnation or whether consideration in some manner of the rents was proper in the condemnation proceeding sub judice (a subject on which we intimate no opinion). Rather, the issue is whether appellants should have been allowed to cross-examine Weatherly on the rentals in order to show the jury whether his valuation had — properly or improperly — included or

excluded the rental value issue. Appellants' question was proper and under *Howard*, supra, and *Eason*, supra, the trial court's restriction on appellants' right of cross-examination of Weatherly was reversible error.

2. Appellants contend the trial court erred by denying their motion for a partial directed verdict because the DOT failed to carry its burden of proof by establishing the damages to each of the three separate pieces of property condemned and the different improvements to each. Weatherly, the DOT's sole witness, testified that: from Tract One, a vacant unimproved piece of property, the DOT was taking .04 of an acre; from Tract Two, on which was situated an older frame house, the DOT was taking .21 of an acre, including a wood fence and a small sign; and from Tract Three, on which were situated some motel units, the DOT was taking .121 of an acre, including a canopy and a planter. It appears that these properties do not abut one another, but are separated by roads or other properties not involved in this condemnation. Weatherly testified that the total taking for all three properties combined was .471 of an acre[1]; that he appraised the properties by looking to sales of comparable properties; that he made the appraisal separately as to each parcel of land; and that the combined value of the property being taken, "land and all improvements," was $7,270. As noted above, he testified that he determined there was no reduction in the value of the remaining properties.

Appellants' expert testified to the value of each individual parcel and its improvements, which he stated amounted to $15,742, and calculated the consequential damages to the remaining properties as totalling $51,464.

" '(T)he basic and controlling requirement is the constitutional command that, before [the] taking of private property for public use, the taker must first pay therefor, and this burdens the taker to prove the value thereof. To obtain a verdict fixing that value, the taker must introduce evidence showing value . . . [.] That ruling is consistent with the ruling placing the burden of proving the value upon the condemnor.' [Cit.] 'The condemnor meets this burden as soon as it introduces evidence of value. (Cit.)' [Cit.]" *Glover v. Dept. of Transp.*, 166 Ga. App. 512 (304 SE2d 567) (1983).

There is no issue in this appeal regarding the propriety of the DOT's consolidation of condemnation proceedings against these three separate and distinct parcels of property into one in rem action. See

---

[1] The correct total of the property taken was .361 of an acre. The DOT does not challenge appellants' assertion in their brief that the amount of the properties taken was actually .20 of an acre for Tract One (not .04 of an acre, as Weatherly stated), and .04 of an acre for Tract Two (rather than Weatherly's testimony of .21 of an acre). Weatherly's computation of the amount taken from Tract Three was correct.

*Marist Society v. City of Atlanta*, 212 Ga. 115, 118 (3) (90 SE2d 564) (1955). Rather, the issue is whether the DOT was required to prove the value of each property it condemned notwithstanding the consolidation of proceedings against these three properties. Clearly, the burden is on the condemnor to prove the value of property taken, see *Glover*, supra, and that burden cannot be avoided merely by consolidating multiple takings into one condemnation proceeding. This is not to say that there are not certain circumstances, such as where the values of the land and the improvements on each parcel are equal, where the DOT's burden as condemnor can be carried by adducing evidence of the value of the combined properties. However, such is not the situation in the case sub judice where, quite aside from the confusion the jury must have experienced as a result of the DOT's expert's testimony regarding the amount of acreage actually condemned in each parcel, the DOT adduced no evidence indicating that the value of land and improvements on each of the three parcels was equal. Indeed, Weatherly's testimony regarding the differences among the non-contiguous parcels as to development and the presence of improvements thereon suggests the parcels were not of equal value.

We agree with appellants that the DOT failed to carry its burden of proving the value of each of the three properties so as to enable the jury to determine the just and adequate compensation due appellants. We do not agree with the DOT or the special concurrence that *Department of Transp. v. Olshan*, 237 Ga. 213, 216-217 (227 SE2d 349) (1976), stands for the proposition that where multiple properties have been combined in one condemnation action, the condemnor is not required to prove the value of each property it condemns. In *Olshan*, condemnee Martin Olshan owned by warranty deed a 64 acre tract of land. The remaining condemnees based their ownership rights in that one tract of land on security deeds each held to a portion of the tract. The Supreme Court rejected the argument that these " 'owners' " were entitled to separate appraisals and separate trials as to the respective parcels in which they held an interest, id. at 215-216, where there was a " 'common denominator' " (e.g., condemnee Martin Olshan) whose ownership right attached "to [the] one tract of land in its entirety." Id. at 216-217. Instead, the Supreme Court authorized the condemnor to proceed to a conclusion with only one in rem action, thereby holding that the condemnor is entitled to bring only one action against all claimants with ownership interests in the property. As summarized in *Department of Transp. v. McLaughlin*, 163 Ga. App. 1, 3 (292 SE2d 435) (1982), the principle in *Olshan* is that "all claimants to one piece of condemned property [can] be joined in one action for resolution of all issues by the trial." Accordingly, the appellate decisions applying the holding in *Olshan* all involve one property with multiple ownership interests therein, typically that of lessor/lessee.

E.g., *Fong v. Dept. of Transp.*, 194 Ga. App. 702 (1) (391 SE2d 704) (1990); *Smiway, Inc. v. Dept. of Transp.*, 178 Ga. App. 414, 415-416 (3) (343 SE2d 497) (1986); *McLaughlin,* supra at 2-4 (1). Since the issue here is not the presence of multiple ownership interests in one tract of property but of multiple properties, *Olshan* is not applicable here.

We note that the verdict form did not require the jury to allocate separately the amount of just and adequate compensation for each property and accordingly, the jury did not separate the sum awarded. The transcript reflects, however, that there was no request by appellants for such separation or any objection to the verdict form, and appellants raise no complaint regarding that matter in this court. See *Georgia Power Co. v. Bray*, 130 Ga. App. 618, 619 (204 SE2d 351), rev'd on other grounds, 232 Ga. 558 (207 SE2d 442) (1974). Therefore, we do not find it necessary to comment upon the propriety of the jury's award or upon whether the verdict should have been "moulded under the direction of the court so as to do complete justice and avoid confusion of interests." OCGA § 22-2-138; see generally *Alexander v. Rozetta*, 110 Ga. App. 660, 661 (139 SE2d 451) (1964).

However, we do not agree with appellants that because the DOT's expert testified to only a lump sum value whereas their expert testified to the value of each individual parcel and its improvements, with a total of $15,742, the trial court should have granted their motion for a partial directed verdict and awarded them $15,742 as just and adequate compensation for the properties taken. " 'A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions and inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a); [Cit.].' [Cit.]" *Turner &c. Advertising v. Fidelity Eastern &c.*, 185 Ga. App. 815, 817 (366 SE2d 201) (1988). Although we agree with appellants that the DOT's evidence was insufficient to enable the jury to arrive at the value of the three properties taken in the condemnation action, Weatherly's testimony that the combined value of all the interests in those properties equalled only $7,270 did constitute some evidence that all the interests therein did not amount to the $15,742 value given by appellants' expert. Therefore, a partial verdict in favor of appellants was not demanded, and the trial court did not err by denying their motion. See generally *Stratton Indus. v. Northwest Ga. Bank*, 191 Ga. App. 683, 685-686 (1) (382 SE2d 721) (1989).

3. Appellants contend the trial court erred by admitting into evidence 14 photographs of the property. Weatherly testified that the photographs depicted the three tracts being condemned and that they were fair representations of the properties involved. No evidence was adduced by the DOT showing the photographs to be fair and accurate

representations of the properties on the date of taking or otherwise indicating that there had been no substantial changes since the taking in the properties as depicted. Compare *Department of Transp. v. Petkas*, 189 Ga. App. 633, 636 (3) (377 SE2d 166) (1988). Such evidence does constitute part of the foundation of a photograph of property taken in a condemnation proceeding. See, e.g., *Skipper v. Dept. of Transp.*, 197 Ga. App. 634, 639 (6) (399 SE2d 538) (1990), in which we upheld the exclusion of a photograph because, inter alia, "no foundation was established as to when the photograph was taken or who took it and no one testified who was present when the picture was taken."

However, the improper admission of the photographs here does not present a ground for reversal in this appeal because the transcript reveals that appellants' objection at trial was only that the DOT had failed to lay the "proper foundation" for the introduction of the photographs. It is well established that an objection on the ground of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal. *Freeman v. Young*, 147 Ga. 699, 700 (3a) (95 SE 236) (1918); *Boss & Bowen v. Head Realty*, 137 Ga. App. 553, 554 (3) (224 SE2d 459) (1976).

*Judgment reversed. McMurray, P. J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I agree with Division 1 and, therefore, concur in the judgment. I disagree, however, with the majority's conclusion in Division 2 that the jury's award with respect to the multiple properties condemned must necessarily set forth separate sums for each property, rather than a lump-sum.

Multiple separate properties with some element of common ownership, as found in the present case, may be joined in a single condemnation action. *Cook v. State Hwy. Bd.*, 162 Ga. 84, 101-102 (132 SE 902) (1926); *State Hwy. Dept. v. H. G. Hastings Co.*, 187 Ga. 204, 208 (199 SE 793) (1938), overruled on other grounds, 216 Ga. 517, 521 (118 SE2d 88) (1961); *Marist Society v. Atlanta*, 212 Ga. 115, 118 (90 SE2d 564) (1955); *Kennedy v. State Hwy. Dept.*, 108 Ga. App. 1 (132 SE2d 135) (1963). Although I agree a separate jury award for each property would be authorized, and perhaps advisable in the interests of judicial economy, (see generally *Department of Transp. v. Gordon*, 148 Ga. App. 713, 714 (252 SE2d 211) (1979) (Birdsong, J., concurring specially) (regarding separate awards for multiple ownership interests in one property)), I do not find any authority which requires separate awards, or holds that a lump-sum award is erroneous.

In analogous circumstances, where multiple ownership interests

are condemned in one property in a single condemnation action, both lump-sum and separate verdicts have been approved. As the majority points out, *Department of Transp. v. Olshan*, 237 Ga. 213 (227 SE2d 349) (1976) recognizes that where multiple ownership interests in one property are sought to be condemned, the condemnation may be pursued in a single in rem action if the rights of at least one such owner attach to the whole tract. In applying *Olshan* to a condemnation of competing ownership interests, the court in *Department of Transp. v. McLaughlin*, 163 Ga. App. 1, 3 (292 SE2d 435) (1982) stated that "[t]he general rule followed by most jurisdictions is to require only one condemnation action, join all parties whose presence is necessary to condemn all interests, and to instruct the jury first to determine the value of the whole, and then secondarily determine the amounts to be awarded to the separate interests. [Cits.] Our Supreme Court [in *Olshan*, supra] has *authorized* such a procedure." *McLaughlin*, supra at 3. (Emphasis supplied.) Accordingly, the *McLaughlin* court rejected the DOT's argument that a lump-sum award was *required*, and that the trial court erred by directing the jury to return a verdict setting out separate sums to be awarded to each ownership interest condemned. However, neither *Olshan* nor *McLaughlin* held that a lump-sum award was erroneous, but only that the separate award procedure was authorized.

In reaching this conclusion, the *McLaughlin* court explained that Georgia has rejected the "undivided fee rule," which holds that compensation for the taking is equivalent only to the value of the undivided whole, rather than the sums of the various ownership interests in the whole. *McLaughlin*, supra at 2-3; see generally 4 Nichols on Eminent Domain, § 12.05 [1] (Rev. 3d ed. 1990). But while recognizing that determining just and adequate compensation requires the jury to consider the value of the various ownership interests to be condemned, this Court has also recognized that the value of the various interests may be properly combined in a lump-sum verdict. *State Hwy. Dept. v. Thomas*, 115 Ga. App. 372, 377 (154 SE2d 812) (1967).

Moreover, the evidence was not insufficient to enable the jury to determine the value of the parcels condemned merely because the DOT's expert testified as to a lump-sum dollar figure for all the tracts. A jury provided with sufficient facts and circumstances about the property to calculate value with a reasonable degree of certainty, may properly reject a dollar figure given by an expert and reach its own conclusions with respect to value, so long as the award does not reflect that the jury was grossly mistaken or unduly biased. *Department of Transp. v. Delta Machine Prods. Co.*, 157 Ga. App. 423, 427-428 (278 SE2d 73) (1981); compare *Dept. of Transp. v. Bird*, 158 Ga. App. 369 (280 SE2d 394) (1981); *Municipal Elec. Auth. v. Anglin*, 180 Ga. App. 600 (349 SE2d 546) (1986). Such an award is supportable if

within the range of all the evidence, whether rendered in the form of a separate amount for each parcel or a lump-sum amount.

It was not error to condemn the separate properties in a single action, and employ the lump-sum jury award.

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 29, 1991.

*Kris Knox*, for appellants.

*Michael J. Bowers*, Attorney General, *Zorn & Caldwell, William A. Zorn*, for appellee.