36507. CITY OF ATLANTA v. FIRST NATIONAL BANK OF
ATLANTA et al.

UNDERCOFLER, Chief Justice.

Certiorari was granted to review the decision of the Court of Appeals affirming the superior court's affirmance of the special master's order that disallowed condemnation of a parcel of land by the City of Atlanta on the ground that the city was "'making an effort to take more land than is reasonably necessary for the accomplishment of the public purpose and that the reasons given for abandoning the previously acquired property in favor of the condemnation of the subject property are arbitrary, capricious and indicative of bad faith.'" *City of Atlanta v. First National Bank,* 154 Ga. App. 658, 659 (1980). We reverse.

A court should not interfere with an exercise of the discretion of a condemning authority determining the necessity of taking land for public purposes and selecting the location and amount of land reasonably necessary unless the condemning authority abused its discretion or exceeded its authority.[1] This principle often has been stated in terms of "bad faith."[2] In the context of abuse by a public officer of his official discretion, the term "bad faith" has been sharply distinguished from negligence or bad judgment and has been equated with conscious wrongdoing motivated by improper interest or by ill

---

[1] "[S]uch selection should not be interfered with or controlled by the courts, unless made in bad faith, or capriciously or wantonly injurious, or in some respect beyond the privilege conferred by statute or its charter." *Piedmont Cotton Mills v. Georgia R. &c. Co.,* 131 Ga. 129, 134 (62 SE 52) (1908).

[2] "'In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken.' *King v. City of McCaysville,* 198 Ga. 829 (33 SE2d 99) (1945); *Kellett v. Fulton County,* 215 Ga. 551 (111 SE2d 364) (1959)." *City of Atlanta v. Heirs of Champion,* 244 Ga. 620, 621 (261 SE2d 343) (1979).

will.[3] The term "bad faith" has been used side by side with the word "fraud" in describing those exercises of official discretion to condemn lands with which the courts will interfere.[4]

Bad faith in the sense of the foregoing decisions has not been found in the present case by the special master or the trial court. Neither has it been established that the city exceeded its lawful authority. Instead, the special master, the trial court and the Court of Appeals merely have substituted their discretion for that of the condemning authority as to whether the tract originally purchased was just as suitable, desirable or adequate for construction of the Metropolitan Atlanta Rapid Transit Authority (MARTA) "kiss-ride" parking lot as the tract sought to be condemned in the present case.

We will not compound error by expressing our opinion regarding the adequacy of the original tract.[5] Rather, our decision turns upon the precept that no court in these circumstances should have interfered with the decision of the condemning authority. Code Ann. § 36-603a provides that the condemning body shall be the *exclusive* judge of the public need for, and amount of, property to be taken, and the courts may not interfere with that legislative discretion *unless* the condemning authority has acted in bad faith or beyond the power conferred upon it by law. *City of Atlanta v. Heirs of Champion,* 244 Ga. 620, 621 (261 SE2d 343) (1979).[6]

---

[3] " 'Bad faith' is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will. . . .

" 'Bad faith,' though an indefinite term, differs from the negative idea of negligence, in that it contemplates a state of mind affirmatively operating with a furtive design or some motive of interest or ill will." *Vickers v. Motte,* 109 Ga. App. 615, 619-20 (137 SE2d 77) (1964).

[4] ". . . unless the determination made by the condemning authority is birthed by fraud or bad faith on the part of the condemning authority." *Coffee v. Atkinson County,* 236 Ga. 248, 249 (223 SE2d 648) (1976).

[5] Assuming, incorrectly, that the special master, the trial court and the Court of Appeals had a right in this case to determine whether the original site selected for the "kiss-ride lot" was adequate for MARTA's needs, and further assuming that the original site was in fact adequate for those purposes, the judgment of the Court of Appeals still would be erroneous because the mere fact that the original location was feasible, practicable and desirable would not of itself force MARTA to utilize it in lieu of the property here sought to be condemned. *Piedmont Cotton Mills v. Georgia R. &c. Co.,* 131 Ga. 129, 133-34 (62 SE 52) (1908). " 'A landowner can not prevent the taking of his property for public purposes merely because there is other property which might have been suitable for the purpose.' " *Miller v. Ga. Power Co.,* 222 Ga. 239, 241 (149 SE2d 479) (1966); *Miles v. Brown,* 223 Ga. 557, 559 (156 SE2d 898) (1967).

[6] The present case is distinguishable from *Heirs of Champion,* supra, in that here

*Judgment reversed. All the Justices concur.*

Argued September 9, 1980 — Decided September 24, 1980.

*Ferrin Y. Mathews,* for appellant.
*Charles E. Watkins, Jr., Charles N. Pursley, Jr., Jefferson D. Kirby, III,* for appellees.

---

there is *no* evidence indicating that both tracts of land, the parcel originally purchased and the parcel sought to be condemned, will be used for any purpose other than MARTA's public purposes. Accordingly, no question is presented as to whether a majority of this court was correct in applying an "any evidence" test to affirm the trial court in *Heirs of Champion,* supra.