## 37303. EARTH MANAGEMENT, INC. v. HEARD COUNTY et al.

CLARKE, Justice.

Earth Management, Inc., appeals the order of the superior court authorizing the condemnation of 276 acres of land in Heard County to be used as a recreational facility.

The issues to be determined are the following: Whether the appeal is properly in this court; whether the county's right of eminent domain was preempted by the Hazardous Waste Management Act; whether Earth Management was deprived of due process in that it did not have a proper opportunity to contest the county's right to condemn; and whether the condemnation proceeding was brought in good faith.

The events leading up to this appeal began on March 29, 1980, when Hershel W. Parmer executed an option granting to Earth Management the right to purchase the land in question. Earth Management was not a legal entity at that time but was duly incorporated on June 4, 1980. During the ensuing months, Earth Management began studies and investigations leading toward the acquisition of necessary permits and toward the location, construction and operation of a hazardous waste disposal facility on the optioned real estate. Subsequent to the beginning of these activities, but before title was vested in Earth Management, the county·instituted condemnation proceedings naming Parmer as the owner. These proceedings were filed on September 26, 1980, and on October 1, 1980, Earth Management filed for intervention. Parmer conveyed the land to Earth Management on October 2, 1980, and by order of October 20, the superior court allowed Earth Management to intervene. The superior court also referred all motions to the special master who had been named to hear the case under Code Ann. Ch. 36-6A. Among the motions were those which sought injunctive relief and attacked the right of the county to condemn.

After an evidentiary hearing, the special master filed his award on November 7, 1980. The award found against the injunctive relief, found for the county's right to condemn, and established the fair market value of the land condemned. On the same day of its filing, the award was made the judgment of the court. Earth Management filed its response in the superior court appealing the amount awarded, again seeking injunctive relief, and moving that the judgment be vacated.

The superior court stayed its judgment pending the hearing on the issues raised by Earth Management. After the hearing the motions were denied leaving the judgment in effect. We reverse.

## 1. *Jurisdiction.*

At the outset it is necessary to decide whether the appeal should be dismissed or, alternatively, transferred to the Court of Appeals. Heard County argues that one of these actions is mandated by the law.

In contending the appeal should be dismissed, Heard County argues that since the special master has completed his work, the appeal of the motion to enjoin is moot. In support of this position, Heard County points to *Fountain v. DeKalb County,* 238 Ga. 14 (231 SE2d 49) (1976), and *Tingle v. Ga. Power Co.,* 147 Ga. App. 775 (250 SE2d 497) (1978). These cases hold that once an award is entered by the special master, it is too late to contest the propriety of the proceeding. This is ordinarily the rule because the most common attack upon a condemnation case is one in which the condemnee seeks to enjoin the special master. This is not what happened here. Condemnee's motion to enjoin related not just to the special master but to the proceeding itself. Even more significant is the fact that the motion was referred to the special master by the trial court. Therefore, there was no judgment as to the issue until after the special master made his award. If we disallowed an appeal of that judgment, we would set the stage for the circumvention of any appeal of a denial of an injunction in a condemnation case. The trial court could simply refer the issue of injunction to the special master, who could then include it in his award, and the right of appeal would be effectively evaded. This we cannot allow.

In addition, this is an appeal from the denial of a motion to set aside the judgment as well as from the judgment itself. The condemnee is entitled to a review of that denial.

Heard County also suggests that the issue, if not moot, is premature. We cannot agree since the denial of injunctive relief is immediately appealable under Code Ann. § 6-701 (a) (3). This is true even though there is a jury trial pending on the question of damages. The equitable features of this case, as well as the constitutional questions regarding the statutory special master procedure raised by Earth Management, give this court jurisdiction. There is no merit to the argument that the case should be transferred to the Court of Appeals.

## 2. *Preemption.*

Earth Management contends that through the Georgia Hazardous Waste Management Act, Code Ann. § 43-2901, et seq. (Ga. L. 1979, p. 1127), the State has preempted the authority of a county to exercise its right of eminent domain. Specifically, Earth Management insists that Code Ann. § 43-2920 prohibits a political subdivision from exercising its right of eminent domain against a

hazardous waste facility. It says this is so even though Code Ann. § 43-2920 makes its prohibition "subject to the provisions of the Constitution of Georgia."

The right of eminent domain is conferred upon counties by the Constitution of Georgia. Art. IX, Sec. V, Par. IV (Code Ann. § 2-6204). Earth Management contends, however, that the constitutional grant of home rule to counties and municipalities [Constitution of Georgia, Art. IX, Sec. II, Par. I (Code Ann. § 2-5901)] diluted the power of eminent domain. Code Ann. § 2-5901 (c) provides: "The power granted to counties in Subparagraphs (a) and (b) above shall not be construed to extend to the following matters or any other matters which the General Assembly by general law has preempted or may hereafter preempt, but such matters shall be the subject of general law, or the subject of local acts of the General Assembly to the extent that the enactment of such local acts is otherwise permitted under this Constitution." One of the matters thereafter enumerated is "action affecting the power of eminent domain."

Heard County takes the position that subsection (c) of the home rule provision does not limit the eminent domain power of counties but simply makes it clear that counties are not authorized by home rule to enact separate eminent domain procedures. These procedures are set out by general law and must be followed by the counties in exercising their constitutional power of eminent domain.

We do not reach the merits of this question for the reason that the Georgia Hazardous Waste Management Act is not applicable to this case. Code Ann. § 43-2920 mandates that the preemption features of the Act come into operation only as to hazardous waste facilities ". . . holding a valid Hazardous Waste Facility Permit issued under the provisions of the Chapter and the rules and regulations." Earth Management argues that this section does not mean what it clearly says but instead contemplates that preemption shall go into operation as soon as an application for a permit has been filed. It is an elementary principle of statutory construction that ordinary signification shall be applied to all words in a statute. Code Ann. § 102-102 (1). In 1848, this court held that "The current of authority in this country, at least at the present day, is in favor of reading Statutes according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." *Persons v. Hight,* 4 Ga. 474, 485-6 (1848). This principle remains intact today. Applying it here, we find that the preemption feature of the Georgia Hazardous Waste Management Act operates only in regard to a facility already holding a valid permit. It has been stipulated that Earth

Management has no such permit. Therefore, we cannot reach the question whether the preemption feature of the Act would operate to defeat Heard County's constitutionally granted power of eminent domain.

### 3. *Due Process.*

According to Earth Management, the judgment of the trial court is fatally defective because of constitutional due process deficiencies. Earth Management insists that it was denied due process by the special master's failure to give any notice to Earth Management when he filed his award with the superior court. It also takes the position that this failure prevented it from filing and being heard on objection in the superior court prior to the award's being made the final judgment of the court.

Heard County counters with the argument that the Condemnation Before Special Master, Code Ann. Ch. 36-6A, has been held to be constitutional and not violative of due process rights of the condemnee. *Sweat v. Ga. Power Co.,* 235 Ga. 281 (219 SE2d 384) (1975). The county also contends that the fact of an award's being made the judgment of the court on the same day the award is filed and before a copy is received by the condemnee, does not violate due process. It contends this is true because the special master procedure affords both notice and opportunity of hearing since all claims and other matters material to the condemnation are taken up before the special master. The award and judgment is then conclusive as to the condemnation of the land in question, argues the county, and due process requires no more. As authority for this reasoning, Heard County cites *Brown v. Ga. Power Co.,* 134 Ga. App. 784 (216 SE2d 613) (1975).

In its attempt to distinguish *Brown,* Earth Management points out that it filed objections both in the trial court and before the special master prior to the award's being made and the judgment's being entered.

We have held that objections to the special master's rulings on non-value issues must be made prior to the judgment authorized by Code Ann. § 36-613 (a). Yet, Earth Management logically argues, this cannot be the case when no opportunity is given to specifically challenge non-value issues before the trial court entered its judgment. The lack of opportunity, according to Earth Management, existed here because of the lack of notice of the special master's award.

We are impressed, however, with the fact that the superior court allowed Earth Management to be heard on its exceptions to the judgment vesting title. Even though we have held it to be error for a trial court to enter a final judgment on a condemnation without

hearing the timely exceptions to the award of the special master (*City of Atlanta v. Turner Advertising Co.*, 234 Ga. 1 (214 SE2d 501) (1975)), this case presents a different factual situation. When the court in this instance considered Earth Management's motion to vacate the judgment, it stayed the judgment pending a hearing both on the motion to vacate and its objection to the award. Earth Management's basic due process argument was that it was given no notice or opportunity for hearing in connection with the judgment on the special master's award. We hold that the trial court's order staying the judgment and the trial court's conduct of a hearing on all of the issues cured any due process deficiency which may have existed.

### 4. *The Condemnation.*

It is the position of Earth Management that the condemnation action by Heard County was undertaken in bad faith and for the sole purpose of defeating the construction of the hazardous waste facility. This issue is the point of impact between two vital competing public interests. The first of those interests is represented by the guarantee of the Fourteenth Amendment to the United States Constitution that the state shall deprive no person of his property without due process of law and the principle that no private property shall be taken except for a public purpose. Constitution of Georgia, Art. I, Sec. III, Par. I (Code Ann. § 2-301). The second public interest is that the state must have the authority to appropriate private property for public purpose in the interest of its people. Constitution of Georgia, Art. I, Sec. III, Par. I (Code Ann. § 2-301); Art. III, Sec. VIII, Par. II (Code Ann. § 2-1402). This authority, however, is tempered by the assurance that no property shall be taken except that just and adequate compensation be paid therefor. Code Ann. § 2-301.

The courts of this state have traditionally given wide discretion to condemning authorities in the determination of what property may be condemned. Two basic limitations have been imposed upon condemning authorities. We have repeatedly held that private property may not be taken for a private purpose and that a condemning authority may not act in bad faith in the exercise of the right of eminent domain.

Earth Management concedes that a public park for recreational purposes is a public purpose. It contends, however, that the meeting of a need for a public park for recreational purposes was not in fact the reason for the institution of condemnation proceedings against the land now owned by Earth Management. We agree that a public park is a public purpose and that the court is in no position to second-guess Heard County as to the size and scope of a park for its people. The remaining question then is whether the action of the county

commissioner in condemning this parcel of land was taken for the purpose of building a public park or whether this was a mere subterfuge utilized in order to veil the real purpose of preventing the construction of a hazardous waste disposal facility.

In *City of Atlanta v. Heirs of Champion,* 244 Ga. 620 (261 SE2d 343) (1979), we held that the findings of the trial court and special master in regard to necessity must be affirmed if there is evidence to support them. Three justices dissented, insisting that this amounted to an any evidence test which was incorrect and that clear authority established that issues of public use and necessity are questions of law of constitutional dimensions. The most recent pronouncement of this court on the issue of bad faith came in *City of Atlanta v. First Nat. Bank,* 246 Ga. 424 (271 SE2d 821) (1980). There we held that bad faith is neither negligence nor poor judgment, but involves conscious wrongdoing and a dishonest intent.

The dilemma faced by the court in this case is that on the one hand there is no evidence that the land condemned will be used for any purpose other than that of a public park. On the other hand, there is evidence that even though the land may be put to this use after condemnation, the real reason for its being taken was to thwart the application of another use in which the state has an interest. It is here that the issues of bad faith and preemption become entwined with one another. Although Earth Management had not acquired a valid permit to construct and maintain a hazardous waste facility at the time the condemnation proceeding was instituted, the fact of its intention to do so was well known by Heard County. The action of Heard County in exercising its right of eminent domain demonstrates the effectiveness by which a county can snuff out the very possibility of establishment of a hazardous waste facility. In *City of Atlanta v. First Nat. Bank,* supra, we also recognized that a condemning body may not go beyond the power conferred upon it by law. There is no law, statutory, constitutional or otherwise, which clothes a governing authority with the right to utilize the power of eminent domain in order to restrict a legitimate activity in which the state has an interest.

It is important here to review some of the events leading up to the condemning of the subject property. No other land was ever considered for the public park and no on-site surveying, planning or inspection was done prior to its condemnation. The chairman of the recreation commission of the county had never been on the site and even at the meeting at which the condemnation was approved, no one on the recreation commission except the proposing member had been on the site. Prior to this time, the county commissioner and the county attorney had publicly stated they would do anything within

their power to block the hazardous waste disposal facility, and in fact the county commissioner had previously passed three different ordinances and a zoning referendum resolution attempting to prohibit the location of the facility. There had been no attempt to negotiate a purchase of the property prior to the filing of the condemnation proceeding. There was ample evidence that the county commissioner and the county attorney knew of Earth Management's option on the property prior to the filing of the proceeding but failed to join Earth Management as a party to the condemnation.

Heard County, on the other hand, argues that the county commissioner had considered the subject property for recreational purposes at a time prior to the option being taken by Earth Management. The county also points to the testimony of the county commissioner that his purpose was not to defeat the location of a hazardous waste facility but, rather, to construct a comprehensive recreational facility. They further rely on the testimony of one of the members of the recreation commission who said he had been on the property many times and that at every meeting of the commission since 1975, a comprehensive recreational facility had been discussed.

Even fully considering the evidence relied upon by Heard County, the inescapable conclusion is that although a public park is a legitimate public use for real estate, the appropriation of this land for that purpose was not the true reason for the institution of the condemnation proceeding here. We can only conclude that Heard County instituted the condemnation proceeding for the obvious purpose of preventing the land from being used as a hazardous waste facility. Such action is beyond the power conferred upon the county by law and amounts to bad faith.

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED OCTOBER 27, 1981 —
REHEARING DENIED NOVEMBER 12, 1981.

*Alston, Miller & Gaines, Conley Ingram, Robert D. McCallum, Jr., James S. Stokes, IV, Nill V. Toule,* for appellant.
*Duncan, Thomasson & Mallory, Thurman E. Duncan, Robert S. Dennis, Joseph J. Anthony,* for appellees.