### 41174. CITY OF ATLANTA v. PETKAS.
(321 SE2d 725)

CLARKE, Justice.

This appeal calls into question the right of the City of Atlanta to condemn an easement to construct an underground pedestrian tunnel to a Metropolitan Atlanta Rapid Transit Authority (MARTA) station. The trial court found the city and MARTA acted in bad faith and enjoined the exercise of the right of eminent domain. The condemnors appeal and we reverse.

This is the second condemnation action filed against appellees. Both actions originally sought to condemn the property involved here. In the first proceeding the right-of-way for the tunnel was included

with other lands of the condemnees. Needing to acquire the remaining property quickly and faced with an objection to the acquisition of the tunnel right-of-way, the city and MARTA amended their pleadings to delete the right-of-way for the tunnel.

The pedestrian tunnel was to serve persons working at a First National Bank (FNB) operations center located across Lindbergh Drive from the MARTA station. The bank had 1500 employees at the center and actively sought access to the station by tunnel. After the first condemnation, it was anticipated that FNB would acquire the necessary right-of-way, but it was then discovered that the Department of Transportation (DOT) was planning to acquire all of the affected lands. Consequently MARTA's plan was adjusted to call for a construction of the portion of the tunnel which was not on the condemnee's property and to finish the project after DOT acquired the necessary lands. As it developed, tunnel construction encroached upon the condemnee's lands to the extent of approximately four feet by seventeen feet. The area of encroachment was part of a temporary construction easement held by the condemnors.

When the condemnors discovered that the DOT acquisition plans had been delayed, construction on the tunnel was continued and the city on behalf of MARTA filed a second condemnation action, this time seeking only to acquire a permanent sub-surface easement for a portion of the tunnel. The area sought to be condemned contains 555 square feet.

MARTA's plan for the tunnel was also modified to include a stairwell from the south side of Lindbergh Drive to the tunnel as well as an entrance from the FNB building.

The condemnees contended that the city and MARTA had acted in bad faith in that there was no public purpose or necessity for the construction of the pedestrian tunnel since it effectively served only the private use of those persons who were in the FNB building. The trial court agreed, saying that the second condemnation action was made necessary by reason of the failure of FNB to privately acquire the property necessary for a "private pedestrian tunnel." The court went on to say that the addition of the stairwell was not shown to be a public necessity but was a mere subterfuge used to veil the real purpose for condemning the property.

This court has been reluctant to find bad faith on the part of a condemnor in its determination of public purpose in the exercise of the right of eminent domain. *City of Atlanta v. Heirs of Champion*, 244 Ga. 620 (261 SE2d 343) (1979); *City of Atlanta v. First Nat. Bank*, 246 Ga. 424 (271 SE2d 821) (1980). The condemnee relies heavily upon our decision in *Earth Management v. Heard County*, 248 Ga. 442 (283 SE2d 455) (1981). We do not find *Earth Management* to be applicable in this case. Our holding in *Earth Management* did not

erode the authority of condemning bodies nor change the law as pronounced in *Heirs of Champion* or *First Nat. Bank*. Rather, the import of that holding is that a condemning authority may not utilize the power of eminent domain to restrict a legitimate activity in which the state has an interest.

The appellee also insists that the modification of the plans for the tunnel to include a stairwell from Lindbergh Drive was utilized to veil the real purpose of the tunnel. Even if we found this to be true, we cannot hold that the city's right to condemn has been defeated. One thousand five hundred people work in the bank building. There is evidence that many of these persons will use MARTA at the Lindbergh station. There is evidence that the absence of the tunnel will cause them to cross Lindbergh Drive at the motor vehicular traffic level. The avoidance of the congestion caused by such crossings is a sufficient public purpose to remove the actions of the city and MARTA from the category of bad faith.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED OCTOBER 17, 1984 —
REHEARING DENIED OCTOBER 29, 1984.

*Marva Jones Brooks, Thomas A. Bowman, David D. Blum, Kutak, Rock & Huie, Charles N. Pursley, Jr., Joseph F. Page*, for appellant.

*Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek, Meals & Parks, Robert N. Meals, Charles M. Kidd, Stanley E. Kreimer, Jr.*, for appellee.