42759. CONCEPT CAPITAL CORPORATION et al.
v. DeKALB COUNTY.
42830. BROOKHAVEN ASSOCIATES v. DeKALB COUNTY.

(339 SE2d 583)

WELTNER, Justice.

DeKalb County, acting on behalf of the Metropolitan Atlanta Rapid Transit Authority (MARTA), sought to condemn in fee simple two parcels of land for construction of a ground level automobile parking lot at MARTA's Brookhaven Station. The condemnees, Brookhaven and Concept, sought by injunction to reserve air rights over the parking lot for construction of high-rise residential buildings. The respective special masters appointed by the superior court in the two condemnation proceedings filed conclusions of law against Brookhaven, but in favor of Concept. They both agreed, however, with the condemnees' contentions that MARTA did not presently need the air rights to construct a ground level parking lot, and that it might at some time in the future sell or lease the air rights to developers to generate revenues. The trial court received the reports of the special masters, heard evidence *de novo*, and entered judgment authorizing condemnation of both parcels in fee simple. The condemnees appeal.

1. The first issue presented by the parties is whether the "any evidence" rule should be applied, on review, as to the findings of a special master, or as to the findings of the superior court. See *City of Atlanta v. Heirs of Champion*, 244 Ga. 620 (261 SE2d 343) (1979), where we applied an "any evidence" standard of review to affirm the factual findings of the trial court. "Even though the evidence regarding necessity may have been in conflict, the trial judge was authorized to determine the factual issues in the case. These findings should not be disturbed on appeal if there is evidence to support them." 244 Ga. at 622.

However, we need not address further this issue in the present case because, although many peripheral matters are contested vigorously, the critical factual elements were found consistently throughout, as will be seen within.

2. The record supports the following findings upon which the special masters and the trial court agreed: MARTA sought to condemn the fee simple interest in both tracts, although the condemnees demonstrated that MARTA has no present intention to configure the planned ground level automobile parking lots for multi-level parking; the condemnees would be able to construct high-rise residential buildings supported by structural members connected with "touch down points" on MARTA's planned ground level parking lots; joint development of the parcels by MARTA and the condemnees would cause MARTA and the developers of the high-rise buildings to incur costs, and to accommodate themselves to inconveniences and safety

hazards, which would not be associated with exclusive development of the tracts either as high-rise residences or as a transit station; MARTA has a professional staff whose function is the disposition of surplus property, and MARTA currently has surplus properties for sale or lease; at some indeterminate future time, MARTA may decide that sale or lease of the air rights over the two surface or ground level automobile parking lots will not pose safety hazards to MARTA's patrons, or unwarranted costs or inconveniences to MARTA's public transit operations, and may lease or sell that quantum of air rights over these parking lots as may not be necessary for MARTA's then-existing or planned public transit operations.

As in *Heirs of Champion*, the controversy in each of the present cases "centered around the condemnee's desire to retain the air rights . . . and MARTA's conflicting desire to acquire the parcel in fee simple." 244 Ga. at 621. In such controversies, "[t]he question of whether there is a necessity for taking the fee is a matter of legislative discretion, which will not be interfered with or controlled unless the authority acts in bad faith or beyond the powers conferred upon it by law . . . . 'In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken. . . .' " 244 Ga. at 621. Applying those rules to the circumstances in *Heirs of Champion*, we held: "The record in this case contains evidence to sustain MARTA's determination of reasonable necessity for acquiring fee simple title to the subject property. While a court may disagree with the methods the condemning authority may choose to accomplish its objectives, it is not authorized to substitute its judgment for that of the authority." 244 Ga. at 621.

3. In a later MARTA condemnation case, *City of Atlanta v. First Nat. Bank of Atlanta*, 246 Ga. 424, 425 (271 SE2d 821) (1980) we held that "[i]n the context of abuse by a public officer of his official discretion, the term 'bad faith' has been sharply distinguished from negligence or bad judgment and has been equated with conscious wrongdoing motivated by improper interest or by ill will[,]" and that "[t]he term 'bad faith' has been used side by side with the word 'fraud' in describing those exercises of official discretion to condemn lands with which the courts will interfere." 246 Ga. at 425.

More recently we held: "This court has been reluctant to find bad faith on the part of a condemnor in its determination of public purpose in the exercise of the right of eminent domain." *City of Atlanta v. Petkas*, 253 Ga. 447, 448 (321 SE2d 725) (1984).

The condemnees in the present cases, as in *Petkas*, placed heavy reliance upon our decision in *Earth Management v. Heard County*, 248 Ga. 442 (283 SE2d 455) (1981), and as in *Petkas*, that reliance is misplaced. "Our holding in *Earth Management* did not erode the au-

thority of condemning bodies nor change the law as pronounced in *Heirs of Champion* or *First Nat. Bank*. Rather, the import of that holding is that a condemning authority may not utilize the power of eminent domain to restrict a legitimate activity in which the state has an interest." 253 Ga. at 448-49.

4. MARTA's exercise of its discretionary power to condemn fee simple interests in these parcels (rather than to allow the condemnees to retain the air rights over a certain height and "touch down points" necessary to support high-rise residential developments) should not be disturbed in the circumstances of this case. The record reflects that MARTA presently intends to utilize *all* of both tracts for public automobile parking lots to be used by its transit system patrons. MARTA has previous experience with joint development of tracts of land for transit system station and high-rise uses, and would now eschew joint development because of costs, inconveniences and safety hazards inherent in such coordinated projects. Evidence tendered by the condemnees indicating that these disadvantages may be minimized by careful coordination of activities between the architects, engineers and construction contractors employed by MARTA and the high-rise building developers cannot, as a matter of law, establish that MARTA has acted in bad faith or *ultra vires*.

5. The evidentiary materials in this case do not require a legal conclusion of "conscious wrongdoing motivated by improper interest or by ill will." 246 Ga. at 424. All of the land condemned will be used for ground level parking facilities at MARTA's Brookhaven Station. The question of whether the factors of cost, convenience and safety should be weighed in favor of the patrons of the system, or in favor of commercial development, is one which rests with MARTA, to be determined under the circumstances of each case.

Courts must not substitute their judgment for that of the condemning authority — neither as to the quantum of the *interest* to be condemned, nor the location or the quantum of *land* to be acquired. 244 Ga. at 621.

*Judgment affirmed. All the Justices concur except Smith, J., who dissents, and Hill, C. J., not participating.*

DECIDED FEBRUARY 18, 1986.

*Alston & Bird, G. Conley Ingram, Robert D. McCallum, Jr., Swift, Currie, McGhee & Hiers, C. Read Morton, Jr.,* for appellants (case no. 42759).

*Bauer, Deitch & Raines, Henry R. Bauer, Jr.,* for appellant (case no. 42830).

*Albert Sidney Johnson, L. Penn Spell, Jr., Neely & Player, John*

*T. Ruff, Robert H. Walling, Frederick J. Kraus, MacIntyre, Weyant & Reuss, Daniel I. MacIntyre, Guy E. Davis, Jr., Smith, Cohen, Ringel, Kohler & Martin, E. Kendrick Smith, Kutak, Rock & Campbell, Charles N. Pursley, Jr., Eugene R. Simons,* for appellee.

