72105. INTERNATIONAL SURPLUS LINES INSURANCE COMPANY v. HEARD COUNTY.
(344 SE2d 712)

BANKE, Chief Judge.

The events giving rise to this lawsuit commenced in 1980, when Heard County, the appellee herein, instituted condemnation proceedings to acquire a tract of land upon which Earth Management, Inc., (EMI) proposed to construct a state-licensed hazardous waste disposal facility. The ostensible purpose of the taking was to obtain a site for a public park. The Supreme Court subsequently set aside the condemnation based on a finding that the county had acted in bad faith for the true purpose of blocking the construction of the hazardous waste facility. See *Earth Mgt. v. Heard County*, 248 Ga. 442 (283 SE2d 455) (1981).

Based on the Supreme Court's ruling, EMI subsequently asserted damage claims against Heard County in both state and federal court to recover for the county's unlawful use of its power of eminent domain. The county settled these claims by agreeing to pay EMI $230,000 in damages, plus $28,258.37 in litigation costs and attorney fees. It then initiated the present action seeking to be indemnified for the loss pursuant to the terms of a policy of "Public Officials and Employees Liability Insurance" issued to it by the appellant, International Surplus Lines Insurance Company (ISLIC). The county further

seeks to recover a statutory penalty and attorney fees based on IS-LIC's alleged bad faith in refusing to pay the claim.

ISLIC moved for summary judgment on the basis of two policy exclusions, only one of which need be considered in this appeal. That exclusion applies to any loss resulting from a claim against the insureds with respect to which "a judgment or other final adjudication thereof adverse to the insureds shall establish acts of active and deliberate dishonesty committed by the insureds with actual dishonest purpose and intent were material to the cause of action so adjudicated. . . ." The trial court denied the motion for summary judgment, and we granted ISLIC's application for interlocutory appeal. *Held*:

There is no question that the Supreme Court's decision in *Earth Mgt. v. Heard County*, supra, constituted a "judgment or other final adjudication" adverse to the county in the condemnation action. It follows that if that decision was based on a determination that the county's taking of the property constituted an act of "active and deliberate dishonesty committed . . . with actual dishonest purpose and intent," then the policy exclusion applies by its unambiguous terms, and ISLIC is entitled to summary judgment in the present action.

In holding that the attempted condemnation was unlawful, the Supreme Court reasoned as follows: "Even fully considering the evidence relied upon by Heard County, the inescapable conclusion is that although a public park is a legitimate public use for real estate, the appropriation of this land for that purpose was not the true reason for the institution of the condemnation proceeding here. We can only conclude that Heard County instituted the condemnation proceeding for the obvious purpose of preventing the land from being used as a hazardous waste facility. Such action is beyond the power conferred upon the county by law and amounts to bad faith." Id. at 448.

Was this finding that the county was guilty of "bad faith" necessarily equivalent to a finding that the county was guilty of "active and deliberate dishonesty committed with . . . actual dishonest purpose and intent?" Evidently so, for in discussing what constitutes "bad faith" by a condemnor in the exercise of the right of eminent domain, the court reiterated its earlier holding in *City of Atlanta v. First Nat. Bank*, 246 Ga. 424 (271 SE2d 821) (1980), that the term does not involve merely "negligence nor poor judgment, but involves conscious wrongdoing and a dishonest intent." *Earth Mgt. v. Heard County*, supra, 248 Ga. at 447. Accord *Vickers v. Motte*, 109 Ga. App. 615, 619-20 (137 SE2d 77) (1964).

The county argues strenuously that the Supreme Court's decision in *Earth Mgt. v. Heard County* was not in actuality based on a determination that the county was guilty of conscious wrongdoing and dis-

honest intent but on the state's overriding interest in regulating hazardous waste disposal facilities. In support of this contention, the county cites *City of Atlanta v. Petkas*, 253 Ga. 447 (321 SE2d 725) (1984), wherein, reiterating certain language contained on p. 447 of the *Earth Mgt.* decision, the Supreme Court characterized "the import of that holding" as being that "a condemning authority may not utilize the power of eminent domain to restrict a legitimate activity in which the state has an interest." *City of Atlanta v. Petkas*, supra at 449.

While this language does appear to downplay significantly the "bad faith" aspect of the *Earth Mgt.* decision, this court is simply not in a position to disregard the Supreme Court's unequivocal language in that case that the county had been guilty of bad faith; nor, obviously, is it in a position to address the county's alternative contention, set forth in a supplemental brief, that the *Earth Mgt.* decision was "erroneous" in this respect. Thus, while we have the utmost sympathy for the predicament in which the county finds itself as a result of the *Earth Mgt.* decision, we are constrained to hold that the trial court erred in denying the appellant's motion for summary judgment in the present case, based on the applicability of the policy exclusion.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1986 —
REHEARING DENIED APRIL 23, 1986 — 

*David M. Leonard, Harvey R. Spiegel, O. Elizabeth Bell*, for appellant.

*Barry B. McGough, Charles Van S. Mottola, Bruce C. Smith, Charles L. Goodson, Douglas H. Reynolds, Jr.*, for appellee.