43199. CARROLL COUNTY, GEORGIA v. CITY OF BREMEN.
(347 SE2d 598)

CLARKE, Presiding Justice.

Carroll County initiated this action by filing a petition to condemn land which was owned by the Young Men's Christian Association (YMCA) when the condemnation was filed. The YMCA answered and moved to enjoin the condemnation on the grounds that there was no public purpose and that the condemnation was filed in bad faith. The City of Bremen intervened and also sought injunctive relief and moved to dismiss the condemnation contending the sole purpose of the condemnation was to deprive Bremen of its chosen site for a sewage treatment plant.

The trial court referred the issues to a special master who after hearing evidence recommended the petition be dismissed. The trial court modified the special master's order but also concluded that the condemnation petition should be dismissed. The court concluded that the condemnation was in bad faith, that the county had improperly sought to condemn land within the boundaries of another local government and that the description of the land to be condemned was inadequate. Since the filing of the notice of appeal in this case the YMCA has conveyed a fee simple interest in the land to the City of Bremen. The YMCA has filed a statement of lack of interest and standing and has asked to be dismissed as a party to the appeal.

The evidence shows that the City of Bremen had been negotiating with the YMCA for some time to buy the land in question for a water-waste facility. In 1981 the former Carroll County Commission adopted a resolution approving the facility. The City of Bremen has expended considerable public money in planning the facility and obtaining the approval of the Environmental Protection Agency. In 1985 a new commissioner, Teal, took office in Carroll County and the new commissioner is opposed to the location of the facility in Carroll County. Teal, as sole commissioner, adopted a resolution withdrawing the support of the county for the facility.

The evidence showed that Teal was an outspoken critic of the facility, had encouraged members of the public to contact the Georgia Environmental Protection Division and the YMCA to oppose the plan and had explored legal avenues to blocking the project. Teal also joined with others as petitioners to have Mount Zion annex the subject property into its city limits.

On October 18, 1985 the City of Bremen annexed the property as a result of a petition filed by 100% of the landowners, that is, the

YMCA, pursuant to OCGA § 36-36-2. On October 21, 1985, the City of Mount Zion adopted a resolution annexing the same property and then learned Bremen had already annexed. On October 22, 1985, Carroll County filed this condemnation to take the land for use as a training area for police and fire employees of Carroll County.

At the time the condemnation was filed, and at the time of proceedings below, a general summary statement in favor of a training facility at the YMCA property had been prepared, but no other written plans or documentation had ever been made. Teal testified he looked at the land in the summer of 1985 and determined it was uniquely suited to the county's needs. On November 5, 1985, Teal, as Commissioner of Carroll County, passed a resolution ratifying his act directing the county attorney to file the condemnation action for the purpose of developing a training facility.

The trial judge considered all of the evidence and found that the true reason for the condemnation was to prevent the construction of a public sewage-treatment facility by the City of Bremen. This use of the condemnation process by a county is not within its power and amounts to acting in bad faith. *Earth Management v. Heard County*, 248 Ga. 442 (283 SE2d 455) (1981). As in *Earth Management*, the use put forth by the county is a public purpose, but there is evidence that the actual purpose was to stop another use, also public, but one which the county officers oppose.

The general rule to be followed is that a court will not substitute its judgment for that of a condemning authority in determining the need for a taking or the type of interest to be taken. *City of Atlanta v. Heirs of Champion*, 244 Ga. 620 (261 SE2d 343) (1979). Since our decision in *Earth Management*, we have pointed out the reluctance of this court to find bad faith in determining public purpose and thereby overturn the condemnor's authority to condemn. *Concept Capital Corp. v. DeKalb County*, 255 Ga. 452 (339 SE2d 583) (1986); *City of Atlanta v. Petkas*, 253 Ga. 447 (321 SE2d 725) (1984).

We agree with the trial judge that the facts of this case put it within the bounds of the holding in *Earth Management*. The only conflict in the evidence is Teal's testimony that the purpose of the condemnation was not to prevent the water-waste plant; even he testified that he had been an opponent of the plant. There is ample evidence to support the finding of the trial judge that the sole commissioner directed the filing of the condemnation not because of a need for a public safety training facility, but to block the City of Bremen's planned facility. We have not been persuaded that the decision should be overturned on appeal. The condemning authority of a county may not be used simply to block legitimate public activity. *Earth Management*, supra. While there was nothing improper in the acts of the Commission in speaking out against the facility and in

urging the public to express opposition to the state licensing authority, it was improper to use the condemnation authority to block the plant when other avenues failed.

The trial judge also found several other deficiencies in the condemnation petition which appellant contests on appeal. However, because we affirm on the issue of bad faith it is unnecessary to address the remaining issues.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1986.

*Vassy, Mecklin & Pyles, C. David Mecklin, Jr.,* for appellant.
*Jack F. Witcher, George B. Haley, Jr.,* for appellee.