## 43442. COX COMMUNICATIONS, INC. v. DEPARTMENT OF TRANSPORTATION.
### (349 SE2d 450)

WELTNER, Justice.

The Department of Transportation condemned several acres of land owned by Cox Communications, Inc., which is to be used for a highway to be constructed adjacent to Cox's broadcasting tower, and running beneath guy wires which support the tower. Cox filed a petition to set aside the judgment vesting title in the Department, alleging that the Department acted in bad faith because of the following:

---

(1) Ice periodically forms on the upper portions of the tower and guy wires and falls, striking the ground in locations of up to 500 feet from the base of the tower.

(2) The proposed four-lane highway would be constructed within this area.

(3) The falling ice would create great risk of injury to the highway users.

(4) The Department has failed to adopt a specific plan to protect the traveling public from the known hazard of falling ice, even though Cox had presented evidence of the problem and possible solutions.

(5) Such a failure exposes Cox to the possibility of claims against it by injured motorists.

The trial court denied Cox's petition, which was affirmed by the Court of Appeals. *Cox Communications, Inc. v. Dept. of Transp.*, 178 Ga. App. 499 (343 SE2d 765) (1986). We granted certiorari.

1. The trial court found that the Department's failure to adopt a specific plan for protection from falling ice did not constitute bad faith. That determination is not clearly erroneous under the test developed in *City of Atlanta v. Heirs of Champion*, 244 Ga. 620 (261 SE2d 343) (1979). See also *Concept Capital Corp. v. DeKalb County*, 255 Ga. 452 (339 SE2d 583) (1986).

2. The facts in this case are, we believe, unique. The risk to the public from falling ice far transcends the hazards that ordinarily attach to public works. Cox's concern is neither fanciful nor speculative, as ice masses falling on automobiles traveling on the proposed highway obviously may cause serious injury or death. The Department is protected from liability for any such claims by sovereign immunity. Constitution of Georgia of 1983, Art. I, Sec. II, Par. IX. While the state may take or damage private property for public purposes (Constitution of Georgia of 1983, Art. I, Sec. III, Par. I), citizens may not recover from the state for personal injury suffered as a result of state activity, the theory being that "the state may not authorize its agents to cause physical injury to any person for public purposes." *Wilmoth v. Henry*, 251 Ga. 643 (309 SE2d 126) (1983). Yet, should the Department's acquisition of Cox's property be affirmed, there is the probability that the state's power of eminent domain will result in physical injury or death by virtue of the creation of a roadway which is of an unusually dangerous nature. This we cannot condone.

3. OCGA § 32-3-11 (b) (2) authorizes the superior court to set aside a declaration of taking upon a determination that such a taking would constitute "the improper use of the powers of this article, such as are not contemplated by this article." The evidence in this case is that the Department, by this taking, will create a grave and unusual risk to the safety of the public. That is an "improper use" under this statute and is incompatible with the protection of persons, which is

the paramount duty of government. Constitution of Georgia of 1983, Art. I, Sec. I, Par. II.

4. The transfer of Cox's property to the Department must be set aside unless or until the Department has become bound to implement a plan of construction that will provide adequate protection against falling ice.

*Judgment reversed. All the Justices concur, except Gregory, J., who dissents.*

DECIDED OCTOBER 29, 1986 —
RECONSIDERATION DENIED NOVEMBER 25, 1986.

*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Donald W. Janney,* for appellant.
*Weiner, Dwyer, Yancey, Macklin & Howell, Beryl H. Weiner, James S. S. Howell,* for appellee.

