45369. WILLIAMS BROS. LUMBER COMPANY v. GWINNETT COUNTY, GEORGIA.
(368 SE2d 310)

HUNT, Justice.

In a 1986 referendum, Gwinnett County voters approved a one-mill tax to establish a recreation district. A master plan for a system of parks with recreational facilities was designed and a 141.4-acre site, owned by Williams Bros. Lumber Co., was selected for development of the first park. When Williams Bros. refused to sell the property to the county, condemnation proceedings were initiated, thus prompting this suit for injunction by Williams Bros. Finding that the establishment of a system of parks for recreation was a valid public purpose and that no bad faith existed either in the determination of public necessity or in the selection of this particular site, the trial court refused to enjoin the condemnation.

1. The principal issue is whether the county is authorized to condemn private property for a park. Williams Bros. argues that counties may acquire recreational property only by the terms of OCGA § 36-64-2; strictly construed, claims Williams Bros., this act authorizes acquisition of park property only through voluntary sale or gift.

This view, however, overlooks a key portion of the act permitting the acquisition of land for recreational use by any lawful means:

The governing body of any municipality or county may dedicate and set apart for use as parks, playgrounds, and recreation centers and for other recreation purposes any lands or buildings or both, owned or leased by such municipality or county and not dedicated or devoted to another or inconsistent public use. Such municipality or county, *in such manner as may now or hereafter be authorized or provided by law for the acquisition of lands or buildings for public purposes* by the municipality or county, may acquire or lease lands or buildings or both, within or beyond the corporate limits of the municipality, for parks, playgrounds, recreation centers, and other recreational purposes. . . . [Emphasis supplied.]

As 1983 Ga. Const., Art. IX, Sec. II, Par. V provides, "[t]he governing authority of each county and of each municipality may exercise the power of eminent domain for *any* public purpose." (Emphasis supplied.) Further, 1983 Ga. Const., Art. IX, Sec. II, Par. III provides that

[a]ny county, municipality, or any combination thereof may exercise the following powers and provide the following services: . . . (5) Parks, recreational areas, programs, and facilities. . . .

In *Earth Management v. Heard County*, 248 Ga. 442, 446 (283 SE2d 455) (1981), we said that "a public park is a public purpose and that the court is in no position to second-guess [a] county as to the size and scope of a park for its people."[1] Gwinnett County is accordingly authorized by law to condemn Williams Bros.' property for the public purpose of creating a recreational park.

2. The remaining enumerations of error dealing with the special master proceedings and the trial court's findings have no merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1988.

*Dillard, Greer, Westmoreland & Wilson, George P. Dillard*, for appellant.

---

[1] The order of the superior court authorizing Heard County's condemnation of 276 acres of land was reversed, but not because the county lacked the power of eminent domain. It was reversed because it was apparent that the condemnation was conducted, not to create a park, but to prevent the sale of the land to Earth Management for use as a hazardous waste facility. No such bad faith or subterfuge exists here.

*Gibson Dean II,* for appellee.