A90A1313. SKIPPER v. DEPARTMENT OF TRANSPORTATION.
(399 SE2d 538)

COOPER, Judge.

This appeal results from appellant's challenge to the condemnation of appellant's property as part of a road widening project by the Department of Transportation ("DOT"). The DOT condemned two permanent easements — "a permanent easement . . . for the right to construct and maintain a slope" and "a permanent easement . . . for the right to construct and maintain drainage." The condemned property includes road frontage and also has a concrete block, two story building on it, which has been leased to tenants over the years. Appellant filed a motion to set aside the taking asserting that the condemnation of a permanent construction easement was an abuse and misuse of the DOT's powers of condemnation. After a hearing on the motion and the receipt of evidence and testimony, the trial court denied the motion. A jury trial then commenced to determine the value of the property condemned, at which further evidence and testimony was received. A jury award was returned in the amount of $13,000,

and this appeal, in which appellant enumerates error with respect to the denial of the motion to set aside and the jury trial, followed.

1. (a) Appellee initially argues that the appeal of the order denying the motion to set aside the condemnation should be dismissed because it was in itself a directly appealable order and appellant's notice of appeal was not filed within 30 days of that order. Although this court has considered orders on motions to set aside condemnations on direct appeal, see *Cox Communications v. Dept. of Transp.*, 178 Ga. App. 499 (343 SE2d 765) (1986), reversed on other grounds, *Cox Communications v. Dept. of Transp.*, 256 Ga. 455 (349 SE2d 450) (1986); *Chamlee v. Dept. of Transp.*, 189 Ga. App. 334 (375 SE2d 626) (1988), we determine that we nevertheless have jurisdiction over this appeal by virtue of OCGA § 5-6-34 (d). When an appeal is taken from a final judgment, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere." OCGA § 5-6-34 (d). See *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980).

(b) On the merits, appellant first argues that the taking of permanent construction easements by the DOT was an improper use, abuse and misuse of the powers of condemnation under OCGA § 32-3-11 (b) (2) and (3). Appellant essentially argues that the DOT is taking more, or a greater, interest than is necessary and further contends that condemnation of a temporary construction easement, with a definite termination date, is the proper use of the DOT's powers. OCGA § 32-3-11 (a) establishes a prima facie presumption that the property or interest condemned is taken for and is necessary to the public use. Unless the factors specified in subsection (b) are met, "the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken. [Cits.]" *City of Atlanta v. Heirs of Champion*, 244 Ga. 620, 621 (261 SE2d 343) (1979). The record supports the trial court's finding that the acquisition of the permanent construction easements was necessary for the project, based on the testimony specifying the managerial, cost and delay problems that would result from including a termination date on the easements. The record also supports the trial court's conclusion that the DOT did not improperly use, abuse or misuse its powers. "Courts must not substitute their judgment for that of the condemning authority — neither as to the quantum of the *interest* to be condemned, nor the location or the quantum of *land* to be acquired. [Cit.]" *Concept Capital Corp.*

*v. DeKalb County,* 255 Ga. 452 (5) (339 SE2d 583) (1986). " 'The record in this case contains evidence to sustain [the DOT's] determination of reasonable necessity for acquiring [the permanent easements].' " Id. at Division 2.

(c) Appellant further contends that the notice of taking was not adequate. We disagree. The notice clearly described and depicted the easement areas and specified the permanent nature of the easements. The descriptions were sufficiently clear to allow proof of damages under OCGA § 32-3-5. The case cited by appellant, *City of Atlanta v. Airways Parking Co.,* 225 Ga. 173 (167 SE2d 145) (1969), is not persuasive in that it involved very different facts and concerned a notice of taking that did not specifically describe the location of the property to be taken.

(d) Appellant's claims that the DOT offered to make the easements temporary if appellant would settle and that this was fraud and coercion is without merit. The testimony adduced at the hearing from the DOT engineer provides a reasonable and justifiable explanation for the DOT's actions, which testimony was not contested by any proof of appellant. The engineer testified that alternatives to condemnation of permanent easements were offered to the landowner; that the DOT is unable to condemn temporary easements without a definite termination date, that due to the practical construction and political realities involved in a project such as this, the DOT could not establish a definite termination date; that a voluntary agreement by the landowner to a temporary easement was allowed; that even if the landowner agreed, the owner would still recover the value of the property and damages; and that the DOT would reconsider their offer if they were forced to institute condemnation and would then seek the permanent easements. There is no evidence in the record to show coercion or fraud by the DOT.

(e) Appellant contends that the project is one for "future roads" pursuant to OCGA § 32-3-1 (c), and consequently the timing restrictions that require construction to begin not less than two years nor more than ten years from receiving federal funds should apply. Appellant has submitted no evidence to show that this is a "future road project," and in fact, the testimony at the hearing supported the fact that the project was to begin as soon as possible and that all administrative steps for planning the project were completed before acquisition was initiated. The evidence in this case authorizes the conclusion that OCGA § 32-3-1 does not apply. Appellant's first enumeration regarding the denial of the motion to set aside the condemnation has no merit.

2. Appellant's second through fifth enumerations assert error with the trial court's denial of the motion to strike the testimony of Calvin Hicks, a tax assessor. Hicks testified at the trial to determine

value as to the fair market value of the property and the methodology used to arrive at that valuation. Appellant first contends that Hicks' testimony was based on the mass appraisal method, a method used for tax appraisal, not for determining individualized fair market values. A careful reading of the testimony lends no support to appellant's assertions. Hicks testified that he looked at the property and further testified in depth as to the various methods he personally used to value this particular property. On cross-examination, he specified that in valuing the property, he checked on an individualized basis for comparables similar to this property. Hicks gave his own opinion as to the fair market value of this property. He was questioned about mass appraisal but never stated that he utilized the method in this case. There is no merit to appellant's first argument.

Appellant next asserts error because Hicks gave a value to the building on the property but stated that he did not go inside the building. He testified that he observed the outside of the building and looked inside through a window; that he was familiar with the type of construction of the building and its previous uses; that the basement was unfinished and was used as storage; and that based on the square footage he could estimate the number of interior rooms. Hicks' testimony on the value of the building was admissible based on his knowledge and familiarity with the building and his personal observations. *State Hwy. Dept. v. Thomas*, 106 Ga. App. 849 (2) (128 SE2d 520) (1962). *Georgia Power Co. v. Livingston*, 103 Ga. App. 512 (119 SE2d 802) (1961) is not controlling. See *Thomas*, supra at 851.

Appellant moved to strike Hicks' testimony because the effective date of his valuation was January 1, 1989, which was after the date of the taking, August 25, 1988. Appellant contends that this was erroneous because it did not give consideration to the fact that the construction project itself could have lowered values in the area. "Whether or not this contention is correct, the witness was nevertheless qualified as an expert, and his opinion was admissible. Matters he may have omitted from consideration were appropriate matters for cross examination and rebuttal, . . . and ultimately for the weight to be given the opinion by the jury. [Cits.]" *Brookhaven Supply Co. v. DeKalb County*, 134 Ga. App. 878 (2) (216 SE2d 694) (1975). Hicks stated that he was aware of nothing that occurred between the date of the taking and the date of his appraisal to make any difference in his valuation. He also stated that in his opinion the values were valid on August 25, 1988. Appellant's objection is without merit.

Finally, appellant's objection to the admission of Hicks' statement that the land values were developed by a firm under contract with his office has no merit. Hicks' statement did not render his opinion to be that of a third party. He testified that he personally reviewed the land values and in his own opinion, he determined the

values to be correct. "An expert is entitled to testify to the facts upon which he bases his opinion of value. [Cit.] Such testimony is admissible, not as direct proof of value, but to show the basis of the expert's opinion of value. [Cit.]" *Smiway, Inc. v. Dept. of Transp.*, 178 Ga. App. 414 (2) (343 SE2d 497) (1986).

3. In her sixth enumeration, appellant contends that the court's charge on consequential damages was erroneous. The charge was an exact statement of the well-settled law that "[t]he proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstances just prior to the time of the taking compared with its market value in its new circumstance just after the time of taking. [Cit.]" *Continental Corp. v. Dept. of Transp.*, 185 Ga. App. 792, 793 (1) (366 SE2d 160) (1988). Appellant argues that the court erred in omitting a proviso which stated that the value prior to the taking should be considered as if the project had never been planned. This proviso is not required by the cases cited by appellant in support of her position, and the charge being correct, no error occurred.

4. Similarly, appellant's argument that the court erred in charging on damages for temporary inconvenience caused by the project construction was in error, is meritless. The charge given was a correct statement of the law. See *Department of Transp. v. Fitzpatrick*, 184 Ga. App. 249 (2) (361 SE2d 241) (1987). The case cited by appellant, *Southwell v. State Hwy. Dept.*, 104 Ga. App. 479 (122 SE2d 131) (1961), involved a charge that was substantively different, and therefore does not require the addition of the proviso requested by appellant.

5. Appellant next alleges that the court erred in not giving appellant's requested charge which distinguished the nature and purposes of the easements condemned, specifically that the easements were superior to the use of the fee. In reviewing the court's charge as a whole, we conclude that the charge as given correctly described the nature and purposes of the easements and the respective rights of the parties with respect thereto. "It is no longer necessary to give the exact language . . . when the same principles are fairly given to the jury in the general charge of the court." (Citations and punctuation omitted.) *State Farm &c. Ins. Co. v. U. S. Fidelity &c. Co.*, 190 Ga. App. 220, 223 (5) (378 SE2d 400) (1989). There was no error in the court's charge.

6. There is no merit to appellant's contention that the court erred in refusing to admit into evidence a photograph depicting a truck stuck on a ramp located on property unrelated to this case. "The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be con-

trolled unless abused. [Cit.]" *Rush v. State*, 188 Ga. App. 520, 523 (8) (373 SE2d 377) (1988). The ramp depicted in the photograph was not the property involved in this case, the ramp depicted was not built like the ramp proposed on this property, no foundation was established as to when the photograph was taken or who took it and no one testified who was present when the picture was taken. The court did not abuse its discretion by refusing to admit the photograph.

7. Appellant next objects to the court sustaining an objection to a question posed by appellant on cross-examination of an appraiser for the DOT. The appraiser had testified to certain comparables that he used to determine value and appellant asked the appraiser if he was aware that the price of one of the comparables had been reduced by road construction. The objection to the question, which was based on the ground that there was no evidence presented regarding any such road construction and that the witness had testified that he did not know why that comparable had increased in value since he reviewed it, was sustained. "Control of the nature and scope of the cross-examination of a witness is a matter inherently within the discretion of the trial court and will not be controlled by an appellate court unless abused. [Cit.]" *Weaver v. Ross*, 192 Ga. App. 568, 569 (1) (386 SE2d 43) (1989). We find no error in the court's actions.

8. Appellant's final enumeration involves a question posed by appellee to appellant's appraiser. On re-direct examination, appellant questioned the appraiser about comparables he had used other than the ones he had testified to on direct examination. The appraiser was not asked to describe these additional comparables, only to state that he had used them. On re-cross examination, appellee asked the appraiser if he thought that appellant's attorney would have questioned about these additional comparables if the attorney had considered them to be better comparables. The court disallowed the objection to the question. Since appellant had opened the issue of the additional comparables, we find the allowance of this question to be within the proper use of the court's discretion. See *Weaver*, supra at 569-70.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 19, 1990.

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Michael J. Bowers, Attorney General, Harris & Harris, William C. Harris, John B. Harris III*, for appellee.