A06A1839. CITY OF STOCKBRIDGE v. MEEKS et al.
(641 SE2d 584)

MILLER, Judge.

The City of Stockbridge (the "City") filed a condemnation petition to acquire property on North Henry Boulevard in Stockbridge (the "Property"), owned by Mark and Regina Meeks. The Meeks operated a family business on the Property, Stockbridge Florist and Gifts, Inc. Following a hearing, the court-appointed special master condemned the Property and awarded the Meeks $325,000 for the condemnation and $96,500 for furniture, fixtures, expenses, and relocation expenses. Upon review, the trial court dismissed the City's condemnation petition for its failure to set forth facts showing the right to condemn pursuant to OCGA § 22-2-102.2 (1) and (5).

The City appeals, contending that the trial court erred in dismissing the condemnation petition because (i) any failure by the City to show that the taking was for a specific use was neither raised before nor ruled upon by the special master; (ii) the trial court dismissed the condemnation petition without first finding that it had been filed in bad faith; and (iii) it was the Meeks' burden to come forward with evidence showing that the condemnation was for other than a public purpose and that the petition was filed in bad faith. We discern no error and affirm.

In 2004, the Meeks reached a tentative agreement with the City whereby they would sell the Property to the City in exchange for finished retail space in a new "town center" development, a projected mixture of private uses to be located on and around the Property. Subsequently, the City chose not to proceed upon a negotiated property exchange and instead elected to condemn the Property and surrounding land under Georgia's Urban Redevelopment Law, OCGA § 36-61-1 et seq., by a series of resolutions declaring it to be a slum

area. One week before it filed its condemnation petition, the City adopted a conclusory resolution declaring a need to build "public facilities" on the Property. At the hearing before the special master, however, the City did not more specifically state the public purpose of the condemnation. Following the hearing, the special master denied the Meeks' motion to dismiss upon the claim that the City failed to plead that the proposed condemnation was for a public purpose and entered an award for the City. The trial court thereafter reversed, and its dismissal of the City's condemnation petition followed.

1. The City claims that the trial court erred in dismissing the condemnation petition *if* its dismissal was based upon a failure to plead the "specific use" for the proposed taking, rather than a failure to plead a public purpose for the taking. The City argues that the Meeks failed to preserve the specific use issue for review below. Finding that the City misconstrues the basis upon which the trial court dismissed the condemnation petition, we find no error in the dismissal of the condemnation petition.

The record shows that the Meeks answered the City's petition denying its right to condemn, stating that "[t]he [p]etition does not aver and the City cannot prove facts entitling the City to take the Property"; that "the Property is not needed for any public purpose"; and that the City's taking was for a private use. Prior to the hearing before the special master, the Meeks moved to dismiss the condemnation petition for lack of evidence that the taking was for a valid public purpose. The Meeks' exceptions and objections to the special master's award were to the same effect. Further, in dismissing the petition, the trial court found, as did the special master, that the City failed to plead " 'if in fact the use to which the property is to be put is a public use' " and therefore "fail[ed] to satisfy OCGA § 22-2-102.2 [ ] (1) and (5)[,]" which require that a condemnation petition "set forth [t]he facts showing the right to condemn" and the "necessity to condemn the private property . . . describing the public use for which the condemnor seeks the property[,]" respectively.

Given that the trial court plainly dismissed the condemnation petition upon the City's failure to properly plead a valid public purpose pursuant to OCGA § 22-2-102.2 (1) and (5), and that the Meeks properly raised the issue of such failure to the special master, the dismissal of the condemnation petition was not error for any failure to preserve the issue of specific use for review.

2. Alternatively, the City argues that the right to condemn for a valid public purpose is presumed absent a finding of its bad faith. Under Georgia law, however, this presumption applies only to a finding that a condemnation is "necessary" under OCGA § 22-2-102.1. *Mosteller Mill, Ltd. v. Ga. Power Co.*, 271 Ga. App. 287, 291-292 (3) (609 SE2d 211) (2005) (absent bad faith, condemnor is exclusive

judge of necessity in the condemnation of condemned property for public purposes). The City points to *City of Atlanta v. Petkas*, 253 Ga. 447, 448 (321 SE2d 725) (1984), as apparent authority to the contrary. The holding in *Petkas*, however, is based on *City of Atlanta v. Heirs of Champion*, 244 Ga. 620, 621-622 (261 SE2d 343) (1979), a case which held that the condemning body is the exclusive judge of whether the condemnation is necessary. Id.; *West v. Dept. of Transp.*, 176 Ga. App. 806, 807 (1) (338 SE2d 45) (1985). *Petkas* and *Champion* do not override the pleading requirements of OCGA § 22-2-102.2.

The requirement that condemnors plead both "[t]he facts showing the right to condemn[ ]" and "the necessity to condemn the private property and describing the public use for which the condemnor seeks the property[,]" OCGA § 22-2-102.2 (1) and (5), respectively, is neither presumed nor conditioned upon a preliminary finding of bad faith in the trial court. Rather, such requirement is for a showing of the right to exercise the power of eminent domain, i.e., that the taking is for a valid public purpose.[1] *Atlanta v. Heirs of Champion*, supra, 244 Ga. at 621; *West*, supra, 176 Ga. App. at 806 (1). Given the foregoing, this claim of error is likewise without merit.

3. Finally, given the duty to plead under OCGA § 22-2-102.2, the City's claim to the contrary notwithstanding, it is clear that the burden to show a taking for a public purpose lies with the condemnor, not the condemnee, here therefore, with the City, not the Meeks. Given that the City's condemnation petition failed to plead a proposed taking in compliance with OCGA § 22-2-102.2 (1) and (5), the trial court did not err in dismissing the City's condemnation petition.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 31, 2007.

*Smith, Welch & Brittain, A. J. Welch, Jr., William A. White*, for appellant.

*Holt, Ney, Zatcoff & Wasserman, Joseph S. Jacobson, Scott E. Morris*, for appellees.

---

[1] "[P]rivate property shall not be taken or damaged for *public purposes* without just and adequate compensation being first paid." (Emphasis supplied.) Ga. Const. of 1983, Art. I, Sec. III, Par. I (a).